UNITED STATES of America,
Plaintiff-Appellee,

v.

Mark Allan PIROLLI, Jose Galardo,
Terry Otalora,
Defendants-Appellants.

No. 83–5660.

United States Court of Appeals,
Eleventh Circuit.

Oct. 1, 1984.

Fred Haddad, Sandstrom & Haddad, Fort Lauderdale, Fla., for Pirolli.

Mary Catherine Bonner, Fort Lauderdale, Fla., for Galardo.

Robyn J. Hermann, Deputy Federal Public Defender, Miami, Fla., for Otalora.

Lurana S. Snow, Linda Collins-Hertz, David Leiwant, Asst. U.S. Attys., Miami, Fla., for U.S.

Before RONEY and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

RONEY, Circuit Judge:

Defendants, Mark Pirolli, Jose Galardo, and Terry Otalora were found guilty of conspiracy to possess with intent to deliver cocaine and possession of cocaine with intent to distribute. 21 U.S.C.A. § 846 and § 841(a)(1). On appeal they all assert insufficiency of evidence to support their convictions, and among them they assert a speedy trial violation, improper denial of severance, denial of due process and effective assistance of counsel, errors in admission of evidence, error in the refusal to give certain charges, and that justice demands a new trial. Each defendant adopted the arguments of the others as equally applicable to all. After examination of each issue, we affirm.

### Facts

A brief review of the facts will be helpful in understanding the points raised on appeal. In 1982, James Poynter became an informant for hire for various drug enforcement agencies, as well as for the Drug Enforcement Agency of the United States Department of Justice. At the direction of Government agents, Poynter remained in contact with defendant Mark Allan Pirolli. On February 28, 1983 Pirolli agreed to attempt to obtain a pound of cocaine for certain buyers that Poynter was representing. As a result of various calls and meetings on February 28, 1983, Emile Massaro was arrested in the proximity of Pirolli's home in possession of a pound of cocaine. Pirolli was not arrested and Poynter was directed to reestablish contact with Pirolli.

On March 1, 1983, Poynter made telephone contact with Pirolli to start negotiations. After several meetings, telephone conversations, and contact by a so-called beeper telephone system, all involving several persons, agents stopped and arrested defendants Terry Otalora and Antonio Ordonez in a Mercedes automobile on March 1, 1983. Pirolli and Jose Galardo were arrested in a Chevrolet Malibu in the driveway of Poynter's residence. Defendants

were indicted on March 9, 1983. The charges, trial and convictions followed.

### Sufficiency of the Evidence

■ A review of the record reveals sufficient evidence to support the jury verdicts as to all defendants. No new legal points are made in defendants' arguments, and a detailed recitation of the evidence would not be useful. Under the totality of the circumstances, the "mere presence" argument of Otalora and Galardo was for the jury, not the court. Pirolli's entrapment defense was undermined by the fact he was able to locate two separate sources for a large quantity of cocaine within twenty-four hours time.

### Speedy Trial Act

Pirolli contends the trial did not commence within the 70-day period required by the Speedy Trial Act. 18 U.S.C.A. §§ 3161–74. The accounting of time under the Act is subject to excludable delay attributable to the defendant as well as other activities set out in section 3161(h)(1).

The first day of the 70-day period was the day after the March 9 indictment because that date followed his first appearance before a judicial officer. *United States v. Severdija*, 723 F.2d 791, 793 (11th Cir.1984). The trial commenced on July 25, so there could be 138 days for Speedy Trial Act purposes if no days were excluded.

Since under the statute and our decided cases there were at least 73 days excludable from the time computations between the indictment on March 9, 1983 and the trial on July 25, 1983, leaving only 65 includable days, there was no Speedy Trial Act violation.

■ The record shows that pretrial motions were filed by Pirolli on March 16 and March 23, 1983: to retain rough notes, for a bill of particulars, to compel disclosure of favorable evidence, for a list of witnesses, to dismiss the indictment, for a *James* hearing, to require Government to give notice of hearsay sought to be introduced, to require production of statements sought to be admitted, to require witnesses to examine and ratify prior statements and for additional time after discovery. The court ruled on all motions on April 1, 1983 except for a deferral to the trial court of the *James* motion. Both the day of filing the motions and the day of decision are excluded from the time computations. *See United States v. Severdija*, 723 F.2d 791, 793 (11th Cir.1984). Pursuant to 18 U.S.C.A. § 3161(h)(1)(F), 17 days from March 16 to April 1 are excluded from the computations. Within that period the motions to reduce bond for Galardo and Otalora were also under consideration, filed on March 25 and 26 and decided on March 31. *See* 18 U.S.C.A. § 3161(h)(1)(F).

■ Otalora filed a variety of pretrial motions on April 14, 1983. Anything which "stops the clock" for one defendant does so for the same amount of time as to all co-defendants. *United States v. Severdija*, 723 F.2d at 793. The motions were decided on April 25, 1983 except for a deferral to the trial court of the *James* hearing, and the motions to compel disclosure of U.S.A. jury selection data, to prohibit prior jury service in similar case, to examine prospective jurors, for ordering Government's proof or for separate hearing to determine existence of conspiracy, and motion in limine. 12 days are excluded for the pretrial motions decided on April 25. 18 U.S.C.A. § 3161(h)(1)(F).

Galardo filed a motion on April 22, 1983 for the Government to produce *Brady* material. The court granted the motion on May 9, 1983. Although 18 days were involved here, only 14 may be excluded for this period because four overlap with the above exclusion.

Thus, the district court correctly allowed a total of 43 days of excludable time for the defendants' pretrial motions that were ruled on by the magistrate. 18 U.S.C.A. § 3161(h)(1)(F).

■ The question, then, becomes whether the magistrate's deferral of the certain pretrial motions to the trial court resulted in excludable time. On March 31, 1983, the

magistrate deferred Pirolli's March 23 motion for a *James* hearing to the trial court. On April 25, 1983, in addition to a *James* motion, several other motions of Otalora were also deferred to the trial court: motions to prohibit prior jury service in a similar case, to examine prospective jurors, for ordering Government's proof or for separate hearing to determine existence of conspiracy and to compel disclosure of United States Attorney's jury selection data.

We need not decide whether any excludable time should be attributed to these motions under § 3161(h)(1)(J), pursuant to which the district court added 30 days of excludable time. *See United States v. Mers*, 701 F.2d 1321, 1338–39 (11th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 481, 78 L.Ed.2d 679 (1983) (holding that where the magistrate conducted the suppression hearing on April 22 and issued his report and recommendations on May 18, the magistrate and the district court had 30 days each during which to take pretrial motions under advisement pursuant to § 3161(h)(1)(J)).

In *United States v. Mastrangelo*, 733 F.2d 793 (11th Cir.1984), a motion to suppress evidence because of an alleged illegal search was referred by the magistrate to the trial court. This Court held that the period from the filing of the motion until the conclusion of the suppression hearing was excludable time pursuant to § 3161(h)(1)(F). 733 F.2d at 796. A *James* motion and a Fourth Amendment suppression motion are procedurally alike. Both call for a hearing. Thus, the decision in *Mastrangelo* controls the issue here.

We need not decide whether any of the time between March 23, 1983, the filing date of Pirolli's motion, and July 25, 1983, the date of the hearing, would not be excludable because the hearing was not "prompt" under the terms of § 3161(h)(1)(F) or would be curtailed by the 30-day provision in § 3161(h)(1)(J). Only 25 days of that time are necessary to be treated as additional excludable time to bring the trial within the 70-day Speedy Trial

requirement. *Cf. United States v. Cobb*, 697 F.2d 38 (1st Cir.1982) (reversing and remanding to the district court to determine whether the § 3161(h)(1)(F) delay was reasonable). Nor do we need to consider the 14 days which otherwise would be excluded for a July 12 Galardo motion for release from custody.

■ The trial was commenced within the explicit requirements of the Speedy Trial Act.

*Severance*

Defendants Otalora and Galardo argue the Government's proof of deal involving only the confidential informer, co-defendant Pirolli and another individual named Massero, which occurred on February 28, 1983 was extraneous to them and prejudicial so that severance was required to insure due process.

■ The granting of a motion to sever under Rule 14 is within "the sound discretion of the district court." *United States v. Berkowitz*, 662 F.2d 1127, 1132 (5th Cir. Unit B 1981). The district court's judgment "will not be disturbed absent an affirmative showing of abuse of discretion." 662 F.2d at 1132, *citing United States v. Swanson*, 572 F.2d 523, 528 (5th Cir.), *cert. denied*, 439 U.S. 849, 99 S.Ct. 152, 58 L.Ed.2d 152 (1978); *United States v. Martinez*, 466 F.2d 679, 686 (5th Cir.1972), *cert. denied*, 414 U.S. 1065, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973).

■ There was no suggestion by any witness that Galardo and Otalora were involved in any activities occurring prior to March 1, 1983. James Poynter stated that he had never met either of Pirolli's co-defendants, and that their names were never mentioned by Pirolli. Counsel for defendants and counsel for the Government stressed that evidence as to what took place on February 28, 1983, was not to be considered against Galardo or Otalora. The evidence was introduced in connection with Pirolli's defense of entrapment. The court explicitly instructed the jury to not consider the events of February 28, 1983 as

evidence against Otalora or Galardo. There is no reason inherent in the situation which suggests the jury could not or did not follow these instructions. Thus, no compelling prejudice occurred.

■ Neither did Pirolli's affirmative defense of entrapment necessitate a severance under Fed.R.Crim.P. 14. In *United States v. Morrow*, 537 F.2d 120, 138 (5th Cir.1976), "[t]he inconsistency, if any, between the defense of entrapment relied on by one defendant and the defense of nonparticipation argued by one or more co-defendants in a multi-member conspiracy case has never been viewed by itself as necessitating severance under Fed.R.Crim.P. 14." The movant must "demonstrate a specific and compelling prejudice arising out of the inconsistency." 537 F.2d at 138. The law of this Circuit is clear. "[T]he defenses must be antagonistic to the point of being mutually exclusive." *United States v. Berkowitz*, 662 F.2d 1127, 1133 (5th Cir. Unit B 1981).

Defendants failed to make this showing. Pirolli relied on the defense of entrapment. He did not testify in his own behalf, and offered no evidence implicating either Otalora or Galardo. Pirolli's defense was not antagonistic to or inconsistent with the "merely present" theory advanced by defendants. Neither defendant suffered the compelling prejudice that would require severance.

### Assistance of Counsel

■ There is no merit to Otalora's claim that he was denied due process and effective assistance of counsel because his attorney at the initial stage of proceeding had previously represented a co-indictee, Ordonez. The indictment was filed on March 9, 1983. All defendants were arraigned on March 16. At arraignment, Carol King Guralnick, Esq. filed a formal notice of appearance on behalf of Otalora. Ms. Guralnick continued her representation of Otalora through trial. Substitution of counsel occurred one week after indictment, prior to the time set for the exchange of discovery and the filing of motions. At that time, the conflict of interest, if there was one at all, was eliminated. Otalora has demonstrated no violation of his due process rights or his right to counsel.

### Admission of Evidence

■ Contrary to Otalora's argument, the items found in the Chevrolet Malibu at the time of the arrest of Pirolli and Galardo were properly admitted into evidence under the broad discretion afforded a trial court in such matters. *Wright v. Hartford Accident and Indemnity Co.*, 580 F.2d 809, 810 (5th Cir.1978), *citing United States v. Johnson*, 558 F.2d 744 (5th Cir.1977), *cert. denied*, 434 U.S. 1065, 98 S.Ct. 1241, 55 L.Ed.2d 766 (1978). The driver's license, in a name Otalora stated under oath to be his true and correct name, was admissible as evidence that Otalora had recently occupied a vehicle in which cocaine was found. The Glendale, California court document contained the identical case number as that found in Otalora's wallet at the time of his arrest. The hand guns were evidence of the existence of a conspiracy. There was no testimony that they belonged to or were handled by Otalora.

### Instructions

Pirolli asked the judge to modify the standard entrapment instruction involving a person who has no previous intent or purpose to violate the law by adding "or having previously abandoned all intent to violate the law."

■ The trial judge delivered the standard entrapment instruction to the jury. *See* 1 E. Devitt and C. Blackmar, *Federal Jury Practice and Instructions* § 13.09 (1977). Pirolli can cite no authority in support of his request that the underlined language be added to the standard instruction. The instruction as given is an accurate statement of the doctrine of entrapment, and no error resulted from the Court's refusal to modify the instruction as requested by Pirolli. *United States v. Grissom*, 645 F.2d 461, 464 (5th Cir. Unit A

1981); *United States v. Lentz,* 624 F.2d 1280, 1286–87 n. 8 (5th Cir.1980), *cert. denied,* 450 U.S. 995, 101 S.Ct. 1696, 68 L.Ed.2d 194 (1981); *Pine v. United States,* 135 F.2d 353, 355 (5th Cir.), *cert. denied,* 320 U.S. 740, 64 S.Ct. 40, 88 L.Ed. 439 (1943).

▆▆▆▆ The district court did not err in not including the instructions on "simple possession," 21 U.S.C.A. § 844, as a lesser included offense of possession with intent to distribute. 21 U.S.C.A. § 841(a)(1). If the evidence justifies it, the defendant is entitled to an instruction on the lesser offense. *Sansone v. United States,* 380 U.S. 343, 349, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965). "[A] lesser offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offense." 380 U.S. at 350, 85 S.Ct. at 1009 *citing Berra v. United States,* 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956). In this action the factual issues were the same as for the lesser and greater offenses. *See United States v. Hirst,* 668 F.2d 1180 (11th Cir.1982) and *United States v. Henley,* 502 F.2d 585 (5th Cir. 1974), both involving quantities of drug too great for personal use. There was no evidence that the pound of cocaine was targeted for personal consumption.

### Manifest Ends of Justice Demand a New Trial

▆▆▆ Antonio Ordonez, arrested in the Mercedes automobile with Otalora, gave damaging testimony concerning Pirolli. After the first day of his testimony, Pirolli presented sealed state court proceedings to the court to show that Ordonez was cooperating with the Government. The court, after careful consideration, struck the testimony of Ordonez because the Government had violated the district's Standing Discovery Order. The court instructed the jury to disregard the testimony. Pirolli did not move for a mistrial but requested the court to poll the jury to determine whether the testimony of Ordonez could be disregarded. The court did not poll the jury but instructed the jury to disregard the testimony.

The only cases Pirolli cites are *United States v. Acosta,* 526 F.2d 670 (5th Cir. 1976), *cert. denied,* 426 U.S. 920, 96 S.Ct. 2625, 49 L.Ed.2d 373 (1976), and *United States v. Brown,* 602 F.2d 1073 (2d Cir. 1979), *cert. denied,* 444 U.S. 952, 100 S.Ct. 427, 62 L.Ed.2d 323 (1979). In *Acosta,* this Court reversed a trial court's dismissal of the indictment and reinstated a jury verdict holding that where the Government's association with the star witness was exposed and the jury heard all the facts, the Government activity had no prejudicial influence on the outcome of the case. This Court stated that "[i]f anything, those tactics, fully exposed to the jury, should have redounded to the benefit of the defense." 526 F.2d at 677. In *Brown,* the Second Circuit held that a district court abused its discretion in dismissing an indictment because of the Government's use of an unsupervised paid informant.

In this case, Ordonez's testimony was stricken and the jury was instructed to disregard the testimony. Pursuant to this Court's holdings in *United States v. Klein,* 546 F.2d 1259 (5th Cir.1977), "evidence withdrawn from the jury with a direction by the court that it be disregarded may not be the basis of reversible error". 546 F.2d at 1263. A mistrial was not requested. Dismissal was not appropriate under *Acosta.* There has been no showing that the defendant was prejudiced by the court's failure to poll the jurors as to whether they could follow the court's instructions. Following *Klein,* the defendant has failed to show reversible error.

AFFIRMED.