**UNITED STATES of America,
Plaintiff-Appellant,**

**v.**

**David B. MITCHELL, et al.,
Defendants-Appellees.**

**No. 84–8484.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 3, 1985.

Rehearing and Rehearing En Banc
Denied Oct. 11, 1985.

James M. Deichert, Sp. Atty., Atlanta, Ga., Glenn L. Cook, Trial Atty., U.S. Dept. of Justice, Crim. Div. Washington, D.C., for plaintiff-appellant.

P. Bruce Kirwan, Atlanta, Ga., for Todd.

Bruce Maloy, Atlanta, Ga., for J. Blake.

Bruce Morris, Atlanta, Ga., for L. Logan.

John O. Ellis, Jr., Federal Defender Program, Atlanta, Ga., for Mitchell.

Before TJOFLAT and VANCE, Circuit Judges, and ATKINS *, District Judge.

VANCE, Circuit Judge:

This appeal comes to us following the district court's dismissal of a federal grand jury indictment. In October 1982 seven men were indicted on numerous counts of conspiracy, possession of and distribution of large quantities of marijuana. The indictment was sealed until February 1984, when five of the seven were taken into custody. The district court granted the defendants' motion to dismiss because it found that the defendants were prejudiced by the government's undue delay in unsealing the indictment. Although we affirm the district court's finding that the government did not make a good faith effort to locate and apprehend all seven suspects, we nevertheless vacate its judgment and remand the case to the district court to determine whether any of the defendants can demonstrate the actual prejudice required to justify dismissal.

On October 19, 1982, a federal grand jury in the Northern District of Georgia returned an indictment against David Brydie Mitchell, Larry McKinley, Jeff Blake, Robert Lowery Logan, Henry "Gene" Scarboro Todd, William Sharp, and Phillip Anthony. They were charged with two counts of conspiracy to possess with intent to distribute marijuana and five counts of possession with intent to distribute marijuana. James Deichert, an attorney from the Organized Crime Strike Force who headed the case for the Justice Department, appeared before a federal magistrate and requested that the indictment be sealed until at least one of the defendants was taken into custody. Deichert testified that the transactions charged in the indictment involved millions of dollars and that the defendants, particularly Mitchell, had access to large sums of money both in the United States and abroad. According to Deichert, the defendants, particularly Mitchell, Sharp and McKinley, had indicated a propensity to flee if they learned of the pending indictment. He said the government needed time to locate all seven defendants so that it could arrest them in one fell swoop and avoid having some of the individuals escape the jurisdiction. The magistrate ordered the indictment sealed at the conclusion of the ex parte hearing.

The government obtained a superseding indictment on January 17, 1983. It was also sealed. The superseding indictment realleged the first seven marijuana counts and added two counts against Mitchell for making and subscribing false tax returns for the years 1977 and 1978.

Mitchell learned of the indictment and surrendered to authorities in Atlanta on February 6, 1984. Four other defendants also surrendered or were arrested that day. McKinley and Sharp remained fugitives as of the date of oral argument.

The defendants moved to dismiss the indictment as a violation of their sixth amendment rights to a speedy trial pursu-

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

ant to Fed.R.Crim.P. 48(b).[1] Essentially, they claimed that the indictment was sealed for an excessive period because the government agents did not make a diligent, good faith effort to locate and apprehend the seven indicted men. They further pointed out that the statute of limitations had run on the seven marijuana counts while the indictment was sealed.[2] They were thus deprived of the benefit of the statute of limitations by the secret indictment.

A federal magistrate conducted an evidentiary hearing on the motion to dismiss and recommended against dismissal. The district judge held further hearings and dismissed the first seven counts of the indictment.[3] On appeal the government argues that the district court erred in ruling, first, that it did not make a good faith effort to locate the defendants; and second, that defendants were prejudiced as a matter of law because the indictment remained sealed beyond the limitations period.

The district court analyzed the sixth amendment claim using the framework of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as outlined in *United States v. Dennard*, 722 F.2d 1510 (11th Cir.1984):

> [T]he Supreme Court identified four facts that "courts should assess in determining whether a particular defendant has been denied his right" to a speedy trial: the length of the delay, the reason

for the delay, defendant's assertion of the right, and prejudice to the defendant. [*Barker*, 407 U.S. at 530, 92 S.Ct. at 2192.] The Court cautioned, however, against an overly rigid analysis:

> We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant.

*Dennard*, 722 F.2d at 1512 (quoting *Barker*, 407 U.S. at 533, 92 S.Ct. at 2193). Considering the first factor, the court found the delay of sixteen months from the original indictment and thirteen months from the superseding indictment sufficiently lengthy to warrant consideration of the other three *Barker* factors.

The court weighed the second factor heavily against the government. Although it recognized that sealing the indictment might have been necessary to avoid alerting fugitive defendants, the court found that "the record clearly shows that the government did very little to find the defendants after each of the indictments was filed."

The court found that defendants were not impaired in asserting their right to a speedy trial. They did not assert the right until their arrest because they did not know of the impending charges. The court

---

**1.** Fed.R.Crim.P. 48(b) reads:

> If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint.

**2.** Counts One and Two were based on activity during October and November 1977. Counts Three through Seven alleged criminal activity between June and September 1978. 18 U.S.C. § 3282 sets the statute of limitations at five years from the date of the offense.

Count Eight charged Mitchell with making a false 1977 tax return on May 27, 1980. Count Nine alleged that Mitchell filed a false 1978 tax

return on June 22, 1979. Under 26 U.S.C. § 6531, the statute of limitations is six years. The period begins on the date the taxes were due or the date the return was filed, whichever is later. *United States v. Habig*, 390 U.S. 222, 224–27, 88 S.Ct. 926, 927–29, 19 L.Ed.2d 1055 (1968).

**3.** The court refused to dismiss Counts Eight and Nine against Mitchell because the indictment was unsealed within the applicable statute of limitations. The court therefore did not presume prejudice as it had with the first seven counts. The court also stated that Mitchell "[had] brought forward no evidence to indicate that he [had] been prejudiced by the government's delay in arresting him on the tax counts."

considered their posture to be similar to that of the codefendant in *Dennard*, who was unaware of the indictment until her arrest, and found that under the rule of *Dennard* this factor would not inure to defendants' benefit. *See* 722 F.2d at 1513.

The trial court correctly concluded that because only two of the first three *Barker* factors weighed heavily against the government, the defendants were required to show actual prejudice. *See, e.g., Dennard,* 722 F.2d at 1513–14; *United States v. Avalos,* 541 F.2d 1100, 1116–17 (5th Cir. 1976), *cert. denied,* 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977). The defendants claimed prejudice because they were forced to face charges outside the statute of limitations. The government countered contending that the delay in unsealing the indictment was reasonable because of legitimate fears that the defendants would flee; therefore, the government argued the delay beyond the statute of limitations period was also reasonable. The court found that the lengthy delay was not reasonable because the government failed to make any meaningful effort to find the defendants. This unreasonable delay allowed the statute of limitations to run, which the court found to be prejudicial as a matter of law. Because it found the government's improper conduct prejudiced the defendants, the court dismissed the seven marijuana counts.

■ The government initially contests the trial court's determination that the agents did not seriously attempt to find the defendants. We need not extend our narrative by a review of all of the evidence. Suffice it to say that the government detailed every step taken to locate the defendants, and the defense presented evidence that indicated the government knew or could easily have discovered the whereabouts of all seven men while the indictment was sealed. The district court's finding of fact cannot be disturbed unless clearly erroneous. *See United States v. United States Gypsum Co.,* 333 U.S. 364, 394–95, 68 S.Ct. 525, 541–542, 92 L.Ed. 746 (1948). Our review of the record convinces us that although the government agents did make some attempt to find the defendants, they certainly did not allow the search to interfere with their other activities. The trial court's finding is supported by the evidence and is affirmed.

■ The government's second contention, that the defendants must show actual prejudice due to the delay, requires more scrutiny. As the district court noted, the settled rule in this circuit is that unless the first three *Barker* factors all weigh heavily against the government, the defendants must demonstrate actual prejudice. *See, e.g., Dennard,* 722 F.2d at 1513–14; *Hill v. Wainwright,* 617 F.2d 375, 379 n. 4 (5th Cir.1980); *Avalos,* 541 F.2d at 1116–17. None of the cases in this circuit, however, have concerned indictments sealed beyond the running of the limitations period. The district court believed that permitting the government to keep otherwise stale charges alive when its own negligence was the main obstacle to the defendants' arrests was sufficiently prejudicial to warrant dismissal.

■ The running of the statute of limitations adds another factor to the speedy trial calculus. In the five-year statute of limitations, Congress has codified the policy that a person need not remain indefinitely in jeopardy for allegedly illegal acts. *See* 18 U.S.C. § 3282. This limit protects potential defendants from the hardships inherent in defending against stale charges, and provides an incentive for the government to process cases with dispatch. *Toussie v. United States,* 397 U.S. 112, 114–15, 90 S.Ct. 858, 859–60, 25 L.Ed.2d 156 (1970). The legitimate need of the government to protect its investigations by sealing indictments, however, must also be recognized. The sealing of an indictment allows the government to complete an investigation properly, and can toll the statute of limitations when the investigation must extend

beyond the statutory period. *See, e.g.,* *United States v. Michael,* 180 F.2d 55, 56–57 (3d Cir.1949), *cert. denied,* 339 U.S. 978, 70 S.Ct. 1023, 94 L.Ed. 1383 (1950).

The most careful treatment of the problem of an indictment sealed past the limitations period is found in *United States v. Muse,* 633 F.2d 1041 (2d Cir.1980) (en banc), *cert. denied,* 450 U.S. 984, 101 S.Ct. 1522, 67 L.Ed.2d 820 (1981). In *Muse,* an indictment was filed and sealed five months before the end of the limitations period and remained sealed for nearly sixteen months. Although the government had located defendant Muse at the time of indictment, it had not found the other three indicted defendants and feared that they would flee if Muse was arrested. The en banc court refused to dismiss the indictment against Muse, despite the fact that the government knew where he was from the day the indictment was entered. The court recognized that the protection of defendants by the statute of limitations must be balanced against the legitimate need of the government to safeguard its investigations. The second circuit struck that balance by requiring the defendant to show actual prejudice resulting from holding the sealed indictment beyond the limitations period. *Id.* at 1043–44.

■ The district court's decision gives undue attention to the interests of defendants and virtually ignores the competing interests of the government. We see no reason to depart in this case from the sixth amendment analysis enunciated in *Barker* and *Dennard.* The court did not find that all three factors weighed heavily against the government; therefore, the defendants must show actual prejudice in order to have the indictment dismissed. That the indictment was sealed beyond the limitations period may figure into the prejudice decision, but that fact alone does not dictate a finding of prejudice.

Because we hold that the court improperly dismissed the indictment without finding actual prejudice, we vacate its judgment and remand for further findings on that issue. No specific evidence of prejudice appears in the record, but it is not clear that the district court allowed the parties to present evidence on any issue other than the government's specific efforts to locate the defendants. In fact, at one point the court seemed to indicate that producing evidence on prejudice was unnecessary. We cannot resolve the issue until it has been fully considered by the court below. We therefore vacate the judgment of dismissal and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.