## UNITED STATES of America

### v.

**Russell BURKE, Terry M. Butler, Terrance W. Chester, Ronald B. Elliott, Michael Evans, Joyce Greeson, William F. Honchell and George Perez.**

### Crim. No. CR-83-08-G.

United States District Court, N.D. Georgia, Gainesville Division.

March 6, 1986.

William P. Gaffney, Atlanta, Ga., for plaintiff.

J.M. Kolsky, Miami, Fla., for Burke.

Robert Moore, Miami, Fla., for Butler.

Herbert S. Moncier, Knoxville, Tenn., for Chester.

Edwin Marger, Marietta, Ga., for Elliott.

Dennis Dean, Miami, Fla., for Evans.

Joseph Quirk, Atlanta, Ga., for Greeson.

Dennis W. Hartley, Colorado Springs, Colo., for Honchell.

Miguel A. Orta, Miami, Fla., for Perez.

## ORDER

O'KELLEY, District Judge.

Presently before the court is a joint motion by the defendants to dismiss for violations of 18 U.S.C. § 3161 et seq. (the Speedy Trial Act) and of the Sixth Amendment guarantee of a speedy trial. The court held a hearing to receive evidence and hear argument on the motion on February 19, 1986. For the reasons stated below, the court denies the defendants' motion.

### Section 3161

The Speedy Trial Act requires that a criminal defendant be tried within 70 days of the date of the filing or making public of the information or indictment or of the date the defendant first appears before a judicial officer of the court in which the charge is pending, whichever occurs later. 18 U.S. C. § 3161(c)(1). If the 70-day deadline is not met, the court must dismiss the indictment, either with or without prejudice. 18 U.S.C. § 3162(a)(2). The 70-day period does not necessarily mean 70 consecutive calendar days, as the Speedy Trial Act sets forth certain periods of time that are to be excluded in computing the time within which the trial must commence. 18 U.S.C. § 3161(h); *United States v. Severdija,* 723 F.2d 791, 792 (11th Cir.1984). Subsection (h) provides that periods attributable to the following events are excluded from computation:

(1)(F) delay resulting from any pretrial motion, from the filing of the motion through conclusion of the hearing on, or other prompt disposition of, such motion;

. . .

(J) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

. . . .

(7) A reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted.

(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

. . . .

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

■ All pretrial motions, regardless of their nature or grounds, are treated identically under § 3161(h)(1)(F) and (J). *United States v. Stafford,* 697 F.2d 1368, 1372 (11th Cir.1983). It is the rule in the Eleventh Circuit that anything which "stops the clock" for one defendant also "stops the clock" for the same period as to all co-defendants. *United States v. Pirolli,* 742

F.2d 1382, 1384 (11th Cir.1984); *United States v. Severdija, supra,* 723 F.2d at 793.

*Non–Excludable Time Before*
*May 29, 1984*

■ The defendants contend that the speedy trial period ran even prior to the disputed May 29, 1984 continuance order. The court finds the defendants' assertion that none of that period is excludable to be completely meritless. A careful review of the docket in this case shows there to be only one non-excludable day between October 4, 1983, the day after the indictment was unsealed, and May 29, 1984.[1] That there is only one non-excludable day before May 29, 1984 is hardly surprising when viewed in light of the fact that between September 29, 1983 and May 29, 1984 over 170 pretrial motions were filed.

*Non–Excludable Time After*
*May 29, 1984*

■ On May 29, 1984, the magistrate handling the pretrial motions signed a continuance order under the provisions of § 3161(h)(8)(A) and (B)(ii) excluding all time from the date of that order until the time of trial. The trial was then "tentatively" scheduled for August 27, 1984. The continuance order was not filed, however, until December 10, 1985. The defendants contest the validity and scope of the May 29, 1984 continuance on several grounds.[2] First, the defendants contend that the *"nunc pro tunc"* filing of the continuance order cannot operate to exclude time from the speedy trial period. Second, the defendants contend that the continuance order excluded only time up through August 27, 1984, at which time it ceased to operate. Third, the defendants contend that should the court decide to read the May 29, 1984 order to exclude all time up until the trial, whenever that may take place, the continuance order is invalid as being too indefinite

1. January 11, 1984 is the one non-excludable day before the May 29, 1984 continuance order.

2. The defendants do not apparently contest that the magistrate did in fact prepare and sign the continuance order on May 29, 1984. The court notes that during the spring of 1984 it had

several conversations with the magistrate during which the magistrate indicated his intent to certify this case under § 3161(h)(8). Subsequently, during the summer and fall of 1984, the magistrate assured the court that he had in fact certified the case under (h)(8).

and therefore in violation of the goals of the Speedy Trial Act.

The court does not find the fact that the May 29, 1984 continuance order was not filed until December 10, 1985 to be relevant to that order's effectiveness. The court is unpersuaded by the defendants' argument that the delay in filing invalidates the continuance order. While it would have been the better practice to have filed the continuance order the day it was granted, the failure to promptly file the continuance order does not frustrate the recording requirement of § 3161(h)(8)(A). The purpose of the recording requirement is to insure careful consideration of the relevant factors before the time the continuance is granted for and to provide the appellate court with an adequate record on which to review the judge's decision. *United States v. Tunnessen*, 763 F.2d 74, 77 (2d Cir.1985); *United States v. Brooks*, 697 F.2d 517, 520 (3d Cir.1982), *cert. denied*, 460 U.S. 1073, 103 S.Ct. 1531, 75 L.Ed.2d 952 (1983).

The magistrate having prepared and signed the continuance order on May 29, 1984 outlining the complexity of the case, a proper ground for continuance under § 3161(h)(8), it is clear that the magistrate gave careful consideration to the continuance *before* granting the order and *before* its effective date. Despite the defendants' characterization of the magistrate's late filing as a *nunc pro tunc* continuance, this case is clearly distinguishable from cases which have not permitted trial courts to go back in time to grant a continuance that they previously had not considered. *See, e.g., United States v. Carey*, 746 F.2d 228, 230 (4th Cir.1984) ("retroactive continuances that are made after expiration of the [the speedy trial clock] for reasons the judge *did not consider before lapse* of the allowable time are inconsistent with the Act") (emphasis added); *United States v. Frey*, 735 F.2d 350, 353 (9th Cir.1984). Further, the continuance order having been filed, albeit well after the order had been signed, the record is now complete for appellate review.

The court finds the delayed filing to be analogous to delayed placement of the required findings in the record. "[I]t is reasonably well settled that the required findings need not be placed on the record at the same time that the continuance is granted." *United States v. Tunnessen, supra*, 763 F.2d at 77; *United States v. Brooks, supra*, 697 F.2d at 522 (citing cases). Neither delayed filing or placing of findings on the record defeat the purposes of the recording requirement, and the situations should be treated identically.

Nor can a strong argument be made that the defendants were without notice of the magistrate's intent to continue the case under § 3161(h)(8). The defendants were specifically put on notice of the magistrate's intent to continue the case by an order of the magistrate's dated November 17, 1983, which states:

> Because it seems clear this case taken as a whole will be complex and extended, the Magistrate proposes to certify this as a complex case and order excluded that period of time between the time within which the trial must commence under the ordinary time periods of the Speedy Trial Act and the time the trial actually commences for purposes of computing the time when the trial must commence under the Act.

Additionally, the course and nature of the case put the defendants on notice of the complexity of the case and, therefore, the substantial likelihood that a § 3161(h)(8) continuance would be necessary. When viewed in light of the 85 page indictment naming 12 defendants in 36 counts alleging numerous conspiracies to import massive quantities of narcotics, and to launder large sums of money, of the 225 pretrial motions filed, and of the scope of the discovery required, including the taking of several depositions in the Bahamas, the necessity for a § 3161(h)(8) continuance was patently obvious. *Cf. United States v. Guerrero*, 667 F.2d 862, 866 (10th Cir.1981) (court need not articulate self-evident facts supporting (h)(8)(A) continuance), *cert. denied*, 456 U.S. 964, 102 S.Ct. 2044, 72 L.Ed. 2d 490 (1982). On numerous occasions, counsel for the defendants made statements to this court indicating their belief that this case involved complex issues and

would require extended time to brief and try.

After reading the magistrate's May 29, 1984 continuance order and November 17, 1983 pretrial order, the court is left with no doubt that the magistrate intended to continue the excludable time under § 3161(h)(8) until the time of trial, whether or not the trial was held on August 27, 1984. The magistrate correctly recognized that a case of this complexity could not properly and justly be brought within the specific time constraints of the Speedy Trial Act regardless of the specific date of trial, whether it was to be August, 1984, September, 1984, or April, 1986. Unlike the situation in *United States v. Pringle*, here it is clear that the magistrate intended to continue the case until whatever date the trial actually took place. 751 F.2d 419, 433 (1st Cir.1984).

Defendants final argument against the May 29, 1984 continuance order is that it is invalid for failing to set a specific ending date. This court agrees with the reasoning of the First Circuit in *United States v. Rush*, "[d]oubtless it is generally preferable to limit a continuance to a definite period for the sake of clarity and certainty; but at the same time it is inevitable that in some cases, like the present one, a court is forced to order an (h)(8) continuance without knowing exactly how long the reasons supporting the continuance will remain valid." 738 F.2d 497, 508 (1st Cir.1984); *but see United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir.1984) (dicta to the effect that (h)(8) continuances are proper "only if ordered for a specific period of time").

Open-ended continuances were clearly contemplated by the drafters of the Plan for the United States District Court for the Northern District of Georgia for Achieving Prompt Disposition of Criminal cases. *See* Paragraph 11(b) ("If the continuance is to a date not certain, the Court shall require one or both parties to inform the Court promptly when and if the circumstances that justify the continuance no longer exist."). The complexity of a case such as the present case is unlikely to lose its complexity on a specific date or at the happening of any specific event. Therefore, while courts should always be hesitant to grant open-ended continuances, the extent and complexity of the instant case involving such a large number and breadth of pretrial motions warranted the magistrate on May 29, 1984 to grant an open-ended continuance.

That the magistrate did not order either party to submit set periodic reports is of little consequence as this case involved the ground for continuance of complexity. Unlike the health of a party or witness, the complexity of a case is easily determined by a court without reports from either party. Further, in the instant case both the magistrate and the district court met periodically with counsel to monitor the progress of the case.

While there is some danger that open-ended continuances can result in prolonged delays, that danger is amply protected against by the speedy trial provision of the Sixth Amendment. Section 3161(h)(8) continuances operate only to suspend the operation of the specific time constraints of the Speedy Trial Act, not the operation of the speedy trial provision of the Sixth Amendment.

Even if the court were to find the May 29, 1984, continuance order inoperative to exclude the time from the date of that order until the time of trial, that same period would be excludable under the recent Eleventh Circuit ruling in *United States v. Garcia*, 778 F.2d 1558 (11th Cir. 1986). The Eleventh Circuit holds that when a magistrate refers a *James* motion to a district court, all the time between the filing of the *James* motion and the conclusion of the *James* hearing by the district court is excludable from the computation of the speedy trial period. *United States v. Garcia, supra,* 778 F.2d at 1562; *United States v. Pirolli, supra,* 742 F.2d at 1385; *United States v. Mastrangelo,* 733 F.2d 793, 796 (11th Cir.1984).

In the instant case the defendants filed motions in January and February, 1984 seeking a pretrial hearing to determine the admissibility of statements under the co-conspirator exception to the hearsay rule. Fed.R.Evid. 801(d)(2)(E); *United States v.*

*James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). The magistrate specifically deferred the request for a *James* hearing to the district judge. February 24, 1984 Hearing Before Magistrate Chancey, p. 62; *see also* July 31, 1984 Magistrate's Order Upon Various Non–Dispositive Pretrial Discovery and Procedural Motions, p. 3 (magistrate's written order incorporating his February 24, 1984 oral ruling). Thus, under *Garcia*, the time from January 25, 1984, when the first *James* motion was filed, through the date of the *James* hearing by the district court is excludable whether or not the May 29, 1984 continuance order is valid.[3] The *James* hearing has not yet been conducted by this court as it is most appropriately held at the time of trial. Therefore, there has not been a violation of the Speedy Trial Act.

### Sixth Amendment

■ In *Baker v. Wingo*, the Supreme Court identified four related factors that "courts should assess in determining whether a particular defendant has been denied his right to a speedy trial: the length of the delay, the reason for the delay, defendant's assertion of the right, and prejudice to the defendant." 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972). This court must engage in a "balancing" of these four factors, "keeping in mind that no one factor predominates." *United States v. Dennard*, 722 F.2d 1510 (11th Cir.1984). While "a greater delay may be tolerated in prosecuting a complex conspiracy than in prosecuting an ordinary street crime," *United States v. Avalos*, 541 F.2d 1100, 1111 (5th Cir.1976), *cert. denied*, 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977), the roughly two and a half year delay between the date the defendants were indicted and the current date set for trial is sufficiently long enough to require the court to inquire into the remaining *Barker* factors.

In determining whether the reasons for delay should be weighted for the defendants or for the government, the court must delve into the causes and sources of the delay. After review of the full file, detail-

ing the course of the case, the court finds that this factor neither supports the defendants nor the government. While a large part of the delay prior to February, 1985 is attributable to the numerous requests by the defendants to extend time or to continue hearings to fit their schedules, a difficult task in that the majority of defense counsel are from outside of Georgia, the delay between February, 1985 and November, 1985, the period during which the magistrate held the motion to dismiss for government misconduct under advisement, is attributable· for the purposes of the *Barker* analysis to the government. There is no evidence, however, that the government deliberately attempted to delay any stage, either before or after February, 1985, of the progress of the defendants' trial.

The defendants waited over two years before asserting their right to a speedy trial. While the government's assertion is incorrect that the defendants waived their right to a speedy trial by requesting numerous delays and waiting so long to demand their right to a speedy trial, the two year wait does indicate a lack of concern on behalf of the defendants in obtaining a speedy trial and, therefore, does diminish the weight given this factor. *United States v. Bagga*, 782 F.2d 1541, 1545 (11th Cir.1986). Thus, while this *Barker* factor weighs in favor of the defendants, it does so only slightly.

It is the settled rule in the Eleventh Circuit that unless the first three *Barker* factors all weigh heavily against the government, the defendants must demonstrate actual prejudice before dismissal is warranted. *United States v. Mitchell*, 769 F.2d 1544, 1547 (11th Cir.1985); *United States v. Dennard, supra*, 722 F.2d at 1513–14; *United States v. Avalos, supra*, 541 F.2d at 1116–17. In the instant case only the length of the delay weighs heavily in the defendants' favor, with the assertion of the right to a speedy trial only slightly in the defendants' favor, and the reasons for the delay evenly balanced for the government and the defendants. There-

---

**3.** As previously noted, prior to that January 25, 1984 date there is only one non-excludable day.

fore, in order for the defendants to prevail on their Sixth Amendment claim, they must establish actual prejudice resulting from the delay.

█ The defendants note two possible sources of prejudice. The first source of prejudice, the effect of the additional delay on the defendants' ability to locate witnesses and evidence, is too conclusory to be sufficient to establish actual prejudice. Such "vague assertions of faded memory and lost witnesses without connecting this loss to any material fact in issue" will not satisfy the *Barker* prejudice factor. *United States v. Avalos, supra,* 541 F.2d at 1115–16; *see also United States v. Dennard, supra,* 722 F.2d at 1514.

The defendants' second alleged source of prejudice, the death of Tilton Lamar Chester, Jr. (Chester), even if it were to be believed that Chester would actually have testified and presented evidence to the effect that he was a government operative, is insufficient to establish actual prejudice as there is no asserted connection between Chester's possible involvement with the government and the defendants' innocence as to the charged crimes. The only evidence proffered by the defendants to support their claim that Chester was an undercover government operative is a two-minute video tape of Chester making vague statements to the media implying that at some point the "government" had approached him and requested information and possibly assistance in arresting other drug dealers. Chester's obviously self-serving statements hardly make a strong case for finding him an undercover government agent.

However, even assuming *arguendo* that Chester was in fact a government operative, working either for the CIA or the DEA, the defendants would not be exculpated of their crimes because of this as they have neither alleged that they were aware when they dealt with Chester that he was acting as a government operative nor alleged that Chester in any way induced or entrapped them. If Chester was working for the government, the defendants are the people that such a government informant would assist the government in discovering and arresting. Thus, Chester's innocence, if it could be proven that he worked for the government, would provide no defense for the defendants.

The defendants, having failed to offer any evidence indicating actual prejudice resulting from the delay between their indictment and trial, have failed to establish that their Sixth Amendment right to a speedy trial has not been violated.

### Conclusion

Accordingly, the court denies joint motion by the defendants to dismiss for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, or for violation of the Sixth Amendment right to a speedy trial.

During the February 19, 1986 hearing on this motion, the court alerted all parties and counsel of its intention to schedule this case for trial on or about April 7, 1986. At a subsequent hearing on February 27, 1986 involving defendant Joyce Greeson's motion to dismiss, the court announced that it intended to try this case on April 14, 1986. The parties are hereby notified that the clerk has been directed to schedule this case for trial on April 14, 1986.