**UNITED STATES of America**

v.

**Johnny GOODMAN, et al., Defendants.**

**No. 5:96–CR–6(WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

Jan. 25, 1999.

949

W. Michael Maloof, Mr., Decatur, GA, for Johnny Goodman, defendant.

Charles L. Calhoun, Macon, GA, for U.S.

## ORDER

OWENS, District Judge.

Before the Court is Defendant Johnny Goodman's Motion to Dismiss. Defendant asserts the following grounds for dismissal: 1) Violation of the Speedy Trial Act for failure to proceed with a trial within seventy days of arraignment or first appearance pursuant to 18 U.S.C. § 3161(c)(1), and 2) violation of the Speedy Trial Act for failure to file an information or indictment within thirty days of a defendant's arrest pursuant to 18 U.S.C. § 3161(b) and § 3161(d)(1). Having carefully considered the parties motions, the relevant case law, and the file as a whole, the Court issues the following order.

## I.

### Violation of 18 U.S.C. § 3161(c)(1)

Procedural History

Defendants Johnny Goodman and Walter Whitehead were first indicted on October 22, 1997 in case number 5:97–cr–80 and charged with conspiracy to possess with the intent to distribute crack cocaine and seven substantive counts of distribution of crack cocaine. Collaterally, Tracy Bernard Johnson was indicted on November 8, 1996 in case no. 5:96–cr–60. A superseding indictment was entered on May 8, 1997 adding Bernard Goodman to case no. 5:96–cr–60. On November 20, 1997, the Court consolidated the charges in 5:97–cr–80 (against Johnny Goodman and Walter Whitehead) and the charges in 5:96–cr–60 (against Tracy Bernard Johnson and Bernard Goodman) and added new defendants Willie Howard and James Rumph. This indictment was superseded by an indictment entered on September 23, 1998 adding Wendy Goodman. Now before the court is defendant Johnny Goodman Motion to Dismiss filed on November 24, 1998.

Law

In order to properly analyze whether or not a violation of the Speedy Trial Act has occurred, a review of the relevant statutes and case law is necessary. The first provision in the Speedy Trial Act which Johnny Goodman claims has been violated is 18 U.S.C. § 3161(c)(1) which states as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs...

18 U.S.C. § 3161(c)(1)

Accordingly, the speedy trial clock begins to run upon the later date of the indictment or the defendant's first appearance. In a case with codefendants, the time period under the Speedy Trial Act begins to run as to all defendants on the date of the last defendant's arraignment or appearance. *U.S. v. Robinson,* 731 F.Supp. 1343 (S.D.Ill. 1989). The clock runs continuously until the date of trial unless the statute or case law provides an exclusion of time in the calculation. For instance, the speedy trial clock is suspended on a superseding indictment between the time of the indictment and the defendant's appearance before the judge on the new charges. *U.S. v. McKay,* 30 F.3d 1418, 1420 (11th Cir.1994), *U.S. v. Kelly,* 45

F.3d 45, 48 (2d Cir.1995). Time attributable to pretrial motions is excludable. However, special care should be taken by the trial court in determining how much time should be excluded from each pretrial motion. *See U.S. v. Grosz,* 76 F.3d 1318 (5th Cir.1996) (Speedy trial clock is not tolled simply because a pretrial motion is pending; instead, the court must look closely into particular circumstances of that motion, e.g. whether there was a hearing on the motion, or whether the motion was taken under advisement, to determine whether days are excludable). 18 U.S.C. § 3161(h)(1)(J) provides a thirty day limit on excludability for motions not requiring a hearing before a court but not to motions necessitating a hearing, such as suppression hearings, for which the entire time from filing to conclusion of the hearing is excludable. *U.S. v. Phillips,* 936 F.2d 1252, 1254 (11th Cir.1991). The day of a status conference is excluded from speedy trial calculations. *U.S. v. Maloy,* 835 F.Supp. 1373 (M.D.Fla.1993). A motion to substitute counsel excludes certain time periods. *See U.S. v. Louis,* 814 F.2d 852 (2nd Cir.1987) (despite informality of defendant's motion to substitute counsel and his failure to serve it on the government, the motion was pending before the district court from time he filed it with the district judge to the time the judge acted thereon, so that this three-month period was properly excluded from time requirements imposed by the Speedy Trial Act). All defendants who are joined for trial generally fall within speedy trial computation of the latest codefendant, and an excludable delay of one codefendant may be ascribed to all defendants. *U.S. v. Blackmon,* 874 F.2d 378 (6th Cir.1989), certiorari denied 493 U.S. 859, 110 S.Ct. 168, 107 L.Ed.2d 125. Anything which stops the clock for purposes of the Speedy Trial Act for one defendant also stops the clock for the same period as to all codefendants. *U.S. v. Burke,* 673 F.Supp. 1574 (N.D.Ga.1986), affirmed 856 F.2d 1492, rehearing denied 867 F.2d 1431, certiorari denied 492 U.S. 908, 109 S.Ct. 3222, 106 L.Ed.2d 571. An important issue is whether the speedy trial clock is tolled or restarts with a new seventy day period upon a superseding indictment. While many circuits make a distinction between whether the for-

mer indictment was dismissed based on the governments motion (in which case the time period is tolled) or whether the indictment is dismissed based on a motion by the defendant or by the court sua sponte (in which case the clock restarts), the Eleventh Circuit made clear that a superseding indictment restarts the clock regardless of how the prior indictment was dismissed. In *U.S. v. West,* the Court held:

> According to the Act and case law in this circuit, the government's dismissal of West's original indictment, and the subsequent ("replacement") indictment, triggered a new seventy-day time period. See 18 U.S.C. § 3161(d)(1); *see also U.S. v. Puett,* 735 F.2d 1331, 1333–1334 (11th Cir. 1984) (stating, "the better construction of section 3161(d)(1) is that after the dismissal of the complaint [by the government], the Act's time limit runs anew from the date of filing of the subsequent complaint or indictment").

*U.S. v. West,* 142 F.3d 1408, 1412 (11th Cir. 1998). While the Speedy Trial Act and case law provide numerous other guidelines and exclusions, the preceding law shall be applicable to the case at hand.

### Analysis

■ Defendants Walter Whitehead and Johnny Goodman were indicted on October 22, 1997 in case no. 5:87–cr–80. The speedy trial clock begins to run on the date of the later of the indictment or initial appearance. *U.S. v. West,* 142 F.3d 1408, 1412 (11th Cir. 1998). In this instance, the indictment was filed on October 22, 1997 and both defendants' initial appearances were on November 12, 1997. Accordingly, the clock should begin to run on November 12, 1997. The clock runs until December 8, 1997 when Goodman filed numerous pretrial motions (21 days includable). While the indictment was dismissed before the court had an opportunity to have a hearing or otherwise rule on the motions, any pretrial motion not requiring a hearing tolls the running of the clock while the motion(s) are under the court's advisement up to a maximum of thirty days. *U.S. v. Phillips,* 936 F.2d 1252, 1254 (11th Cir. 1991). Accordingly, the clock was tolled

from December 8, 1997 until January 7, 1998. During this period of exclusion, the court dismissed the indictment against the defendants and consolidated the charges against these defendants (Walter Whitehead and Johnny Goodman) with charges against Bernard Goodman, Tracy Bernard Johnson, Willie Howard and James Rumph in case no. 5:96–cr–60. This superseding indictment was entered on November 20, 1997. Accordingly, 21 days are included in the speedy trial calculation during this period.

■■■■■ Based on the reasoning in *U.S. v. West*, supra, the clock against all defendants should be restarted on the later date of the last defendant's indictment or initial appearance on the new and old charges set forth in the superseding indictment. *See U.S. v. West*, 142 F.3d 1408, 1412 (11th Cir.1998) (a superseding indictment constitutes a dismissal of the prior indictment (whether dismissal was made by defendant, the government or the court) and the speedy trial clock should be restarted (not tolled)). The last defendant, Johnson's, appearance was waived on February 18, 1998 which starts the new speedy trial clock. The next Macon criminal trial calendar began on March 16, 1998. However, trial could not have begun on March 16, 1998 because this would not give Howard and Rumph the full thirty days in which to prepare for trial required by 18 U.S.C. § 3161(c)(2). Accordingly, in the interest of justice and in order to prevent a violation of the Speedy Trial Act the court continued the trial until the next calendar term which was scheduled to begin on May 26, 1998. This time should not be included in the Speedy Trial Act calculation. *See U.S. v. West*, 142 F.3d 1408, 1413 (11th Cir.1998) (a continuance may be granted which should be excluded from speedy trial calculations if it was based on the ends of justice). Similarly, just prior to the trial period in May of 1998, Greg Spicer, attorney for Walter Whitehead, informed the court that he was leaving the legal profession. Appropriately, in order to allow Whitehead a fair opportunity to obtain substitute counsel and prepare for trial, the court continued the trial until the next trial period scheduled to begin on September 8, 1998. This time should also not be included

in speedy trial calculation because it was a continuance required by justice. *Id.*

■■■■■ Alternatively, much of the time after February 18, 1998 is excluded for other reasons. For instance, Walter Whitehead filed various pretrial motions on June 9, 1998 which warrants an exclusion of thirty days while these motions are under the advisement of the court. *See U.S. v. Burke*, 673 F.Supp. 1574 (N.D.Ga.1986), affirmed 856 F.2d 1492, rehearing denied 867 F.2d 1431, certiorari denied 492 U.S. 908, 109 S.Ct. 3222, 106 L.Ed.2d 571 (Anything which stops the clock for purposes of Speedy Trial Act for one defendant also stops the clock for the same period as to all codefendants). *See also U.S. v. Phillips*, 936 F.2d 1252, 1254 (11th Cir.1991) (18 U.S.C. 3161(h)(1)(J) provides a thirty day limit on excludability for motions not requiring a hearing before a court but not to motions necessitating a hearing, such as suppression hearings, for which the entire time from filing to conclusion of hearing is excludable). Accordingly, the time between June 9, 1998 and July 9, 1998 should be excluded (the Court ruled on these pretrial motions on July 14, 1998). Whitehead filed a Motion for General Discovery on July 6, 1998 which was responded to on July 10, 1998 by the government. Once the court has all the necessary papers to decide an issue and no hearing is required the court is allowed thirty days excludable time in which to rule. Therefore, the time between July 11, 1998 and August 10, 1998 is excluded. On August 5, 1998, Whitehead filed a Motion for Disclosure of Evidence to which the government responded on August 11, 1998. Since the court now had the matter (Motion for Disclosure) under advisement, the time between August 11, 1998 and September 10, 1998 should be excluded. *Phillips*, at 1254. On August 19, 1998, the government filed a motion for continuance until September 23, 1998. The court granted the continuance in the interest of justice. Accordingly, this time should be excluded. *See United States v. Elkins*, 795 F.2d 919 (11th Cir.1986) (court has discretion to grant a continuance when justice requires). Overall, in the period following the indictment on November 20, 1997, no time includable in speedy trial calculations elapsed.

A third superseding indictment was filed on September 23, 1998 which effectively dismissed the prior indictments and restarted the Speedy Trial Act clock. *West*, at 1412. Therefore, the clock restarted on November 18, 1998, which was the date on which the last defendant (Wendy Goodman) made her initial appearance. Six includable days elapsed before Johnny Goodman filed this Motion to Dismiss for violation of the Speedy Trial Act. November 24, 1998, the day Goodman filed the motion, is excluded. Twenty includable days elapsed between Goodman's filing of the Motion to Dismiss and the government's Motion to Sever Whitehead filed on December 15, 1998. The time after the government filed its Motion to Sever until the time the court ruled on the motion (up to a maximum of thirty days) tolled the speedy trial clock until the Court granted the government's Motion to Sever on December 18, 1998. Ten more includable days elapsed until the government responded to Goodman's pretrial motions on December 29, 1998 (government responded to Goodman's Motion to Dismiss later). The time it takes for the court to rule on Goodman's pretrial motions shall be excluded up to 30 days (when a hearing is not required). Accordingly, the time between December 29, 1998 and the earlier of January 28, 1999 (full 30 days) or the date the Court rules on the pretrial motions should be excluded. Additionally, defendant Wendy Goodman filed a motion for a continuance on December 29, 1998 which tolls the clock until the court rules on the motion up to 30 days. To best serve the interests of justice, the court granted Wendy Goodman's motion for a continuance on January 6, 1998 until the next term of court March 29, 1999. This time should be excluded from the speedy trial clock calculation. *See U.S. v. Henry*, 698 F.2d 1172 (C.A.Fla.1983) (trial court has discretion to grant a motion for continuance filed by a defendant when justice requires). The government responded to Goodman's Motion to Dismiss on January 4, 1999. The time after January 4, 1999 until this order (disposing of the motion) is entered or 30 days whichever is sooner should also be excluded. Accordingly, during the period following the superseding indictment on September 23, 1998,

thirty six includable days elapsed and the speedy trial clock is tolled until the next court term on March 29, 1999.

Summary

Between Johnny Goodman's first and second indictments, twenty one days were includable in Speedy Trial Act calculations. However, these days are erased and the clock is restarted when the first indictment is dismissed and all defendants have appeared before the court on the superseding indictment. *West*, at 1412. No includable time elapsed following the superseding indictment on November 20, 1998. Thirty-six days are includable in speedy trial calculations following the superseding indictment filed on September 23, 1998, and the clock is tolled based on the continuance issued by this court extending to the next trial term scheduled to begin on March 29, 1999. Accordingly, defendant Johnny Goodman's Motion to Dismiss for violation of 18 U.S.C. 3161(c)(1) of the Speedy Trial Act is without merit.

## II.

### Violation of 18 U.S.C. 3161(b) and (d)(1)

Goodman's second ground for dismissal alleges a violation of 18 U.S.C. 3161(b) and (d)(1) which state as follows:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such indiviual was arrested or served with a summons in connection with such charges....

18 U.S.C. § 3161(b)

If any indictment or information is dismissed upon motion of the defendant, or any charge in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this

section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be.

18 U.S.C. § 3161(d)(1)

■■■■ Goodman argues that the government failed to file an information or indictment within 30 days of Goodman's arrest. Goodman believes that the indictment or superseding indictment must take place within 30 days of the defendant's original arrest. This understanding is flawed for several reasons. First, Goodman's criminal proceedings commenced upon indictment not arrest. This section is designed to prevent those situations where an individual is arrested and later indicted. On the contrary, since Goodman was indicted on October 22, 1997 and arrested on November 11, 1997, this section is inapplicable. Secondly, in a case where a subsequent indictment takes place, the thirty day time period in which an indictment must follow an arrest refers to the superseding arrest or indictment (not the original arrest or indictment as Goodman alleges). *See U.S. v. Bittle*, 699 F.2d 1201 (1983) (the correct interpretation of this section which states that if any charge contained in a complaint is dismissed and thereafter an indictment is filed based on the same conduct, subsections (b) and (c) of this section which specify time periods within which an indictment and trial must take place shall apply to subsequent indictment, is that after dismissal of a complaint, time limits under subsection (d)(1) of this section run anew from the date of filing of the subsequent complaint or indictment).

Thirdly, section (d)(1) is inapplicable because the original indictments were always pending at the time the superseding indictments were entered. The 30–day period of Speedy Trial Act 18 U.S.C. § 3161(c)(2), (d)(1) applicable when an indictment and information is dismissed on a motion by the defendant, does not apply to a case of a superseding indictment where the original indictment is not dismissed until after the defendants have been arraigned under the superseding indictment and the indictment was dismissed on the Government's motion. *U.S. v. Gallo*, 763 F.2d 1504 (6th Cir.1985). Finally, the Speedy Trial Act's requirement that an indictment be returned within 30 days of arrest does not apply to a second prosecution commenced by indictment, rather than by arrest. *U.S. v. Meade*, 110 F.3d 190 (1st Cir.1997). For these reasons, Goodman's arguments that the indictment should be dismissed for failure to indict the defendant within thirty days of arrest are without merit.

Goodman has failed to raise a valid ground for dismissing his indictment. Accordingly, Johnny Goodman's **MOTION TO DISMISS IS HEREBY DENIED.**

**SO ORDERED.**