**UNITED STATES of America, Appellee,**

v.

**Michael E. CAREY, Appellant.**

No. 84–5043.

United States Court of Appeals, Fourth Circuit.

Submitted Sept. 5, 1984.

Decided Oct. 17, 1984.

Gerald A. Kroop, Kroop & Kurland, P.A., Baltimore, Md., on brief, for appellant.

J. Frederick Motz, U.S. Atty., James C. Savage, Asst. U.S. Atty., Baltimore, Md., on brief, for appellee.

Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Michael E. Carey appeals his conviction for distribution of cocaine. The sole issue is whether his trial commenced within the time limits imposed by the Speedy Trial Act, 18 U.S.C. § 3161 et seq. Following recent precedent that was not available to the district court, we decline to affirm on the basis of its opinion. The government, however, presses an alternative ground for affirmance that we find acceptable.

I

Federal agents arrested Carey on June 8, 1983, charging possession of cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a). On June 9, he appeared before a magistrate on that charge. A grand jury indicted him on June 22 for two counts of cocaine distribution. The first count accused Carey of distributing cocaine on May 23, 1983, a charge not raised in the earlier complaint or appearance before the magistrate. The second charged distribution on June 8 based on the same conduct for which he had already appeared before the magistrate. Carey was arraigned July 1 on the two count indictment, and the district court set a trial date of September 6.

Carey's counsel moved to dismiss the indictment on September 2 for failure to try Carey within 70 days as required by 18 U.S.C. § 3161(c)(1).[1] The motion was premised on the assumption that the 70-day period began on June 22, the date of the indictment, because Carey previously had appeared before a judicial officer on the complaint. The motion was argued October 12, and on November 14 the court entered an order denying it.

The court accepted June 22 as the start of the 70-day period and concluded that time expired on September 1. It justified denial of the motion to dismiss by entering on November 14 a continuance of one day nunc pro tunc on September 1 and by holding that the time between the filing of the motion and the date of its decision was excludable pursuant to sections 3161(h)(1)(F) and (J). In a written opinion accompanying its order, the court observed that a docket omission had caused it to set a September 6 trial date. It explained that the continuance was entered pursuant to section 3161(h)(8)(A) to serve the ends of justice. Its findings to support the nunc pro tunc continuance, however, were based on incidents that the court did not consider to be grounds for a continuance until after the defendant filed his motion to dismiss.

As an alternative ground for denying the motion to dismiss, the court pointed out that dismissal, if granted, would be without prejudice. Because the government expressed its intention to indict the defendant again if the indictment were dismissed, the court concluded that dismissal would be useless. Consequently, it reasoned, if denial of the motion were error, it would be harmless.

The court tried Carey on November 15 and found him guilty.

---

**1.** Section 3161(c)(1) provides in part:

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days of the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

Thus if a defendant has appeared before a judicial officer in connection with a charge before the indictment is filed, the filing of the indictment starts the 70-day period. If prosecution originates with an indictment, the period runs from the defendant's first appearance after indictment. *See* Guidelines to the Administration of the Speedy Trial Act (1983) at 7-8.

## II

■ Section 3161(h)(8)(A), on which the court relied, excludes delay resulting from a continuance granted on the basis of findings that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. Recent cases uniformly hold that nunc pro tunc or retroactive continuances that are made after the expiration of the time within which the defendant should have been tried for reasons the judge did not consider before lapse of the allowable time are inconsistent with the Act. *See United States v. Frey,* 735 F.2d 350 (9th Cir.1984); *United States v. Richmond,* 735 F.2d 208 (6th Cir.1984); *United States v. Janik,* 723 F.2d 537 (7th Cir.1983); *United States v. Carrasquillo,* 667 F.2d 382 (3d Cir.1981). The opinions in these cases are based upon thorough analysis of the Act and consideration of its legislative history. We agree with the conclusions they reach about the invalidity of nunc pro tunc continuances after expiration of the time prescribed by the Act for the commencement of the trial.[2]

■ Also, we cannot accept the district court's alternative ruling that the nunc pro tunc continuance was harmless error. Congress provided in section 3162 for dismissal of the prosecution with, or without, prejudice if the time limits prescribed by the Act are not met. As *Janik* points out, the government's intention to seek another indictment affords no justification for refusing to impose a sanction that Congress has mandated. *See* 723 F.2d at 546.

Because we conclude that the district court's nunc pro tunc continuance was not authorized by the Act and that an invalid nunc pro tunc continuance is not harmless error, we turn to the alternative ground the government urges for affirmance.

## III

The government argues that properly computed the timing of Carey's prosecution satisfied the Act. It points out that count I of the indictment, unlike count II, charged an offense for which Carey had never previously appeared before a judicial officer. Consequently, the 70-day period ran from July 1 when Carey was arraigned. 18 U.S.C. § 3161(c)(1). Computed according to Federal Rule of Criminal Procedure 45(a), the period extended to Monday, September 12. Thus, the motion to dismiss filed on September 2 was within the 70-day period. The motion and subsequent proceedings with respect to it excluded the time from September 2 to November 14. *See* §§ 3161(h)(1)(F) and (J). Carey was tried on November 15. According to the government's calculation, only 63 nonexcludable days elapsed between arraignment and trial.

The government's factual premise is correct with respect to count I. If, however, count II is considered independently, Carey's trial on this count did not commence within the 70-day period required by the Act. The government, recognizing this problem, asserts that it should be solved by holding that a prosecution that is timely for one count in a multi-count indictment is timely for all counts.

The government disclaims reliance on sections 3161(d)(1) and (h)(6), which are predicated on dismissal of the complaint or indictment. It acknowledges that its argument raises an issue that the Act does not specifically address. Nevertheless, it insists that the Act does not contemplate splitting a multi-count indictment according to the different time frames that the Act would have imposed if single-count indictments had been returned.

■ The government points out that the Act deals with a similar problem, the join-

---

**2.** The retroactive continuances that are forbidden should not be confused with a continuance granted for valid reasons before the expiration of the allowable time for commencement of the trial and documented by findings of the court after the time has expired. A continuance granted and substantiated under these circumstances validly excludes the time that it encompasses. *See United States v. Brooks,* 697 F.2d 517 (3d Cir.1982); *United States v. Clifford,* 664 F.2d 1090 (8th Cir.1981); *United States v. Edwards,* 627 F.2d 460 (D.C.Cir.1980).

der of defendants in a single trial, by permitting "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *See* § 3161(h)(7). This provision was enacted "to make it absolutely clear that Congress did not intend to alter the traditional rules of severance." *See* A. Partridge, Legislative History of Title I of the Speedy Trial Act of 1974 (Fed. Judicial Center 1980), at 135–36. Section 3161(h)(7) has been interpreted to make an exclusion for one defendant applicable to all defendants. This, in effect, simultaneously ends the 70-day period for codefendants. *See United States v. Rush,* 738 F.2d 497, 503–04 (1st Cir.1984).

■ In the context of the Speedy Trial Act, joining multiple offenses against a single defendant is analogous to joinder of defendants. Consequently, the same standard for exclusion of delay caused by the joinder should apply. Here the delay was reasonable. Only nine days elapsed between the return of the indictment and the date of arraignment.[3]

Interpreting the Act to exclude a reasonable delay in the joinder of counts in order to end the 70-day period simultaneously for all counts preserves the traditional rules of severance in accordance with congressional intent. We, therefore, conclude that Carey's trial on both counts was timely, and his conviction is affirmed.

AFFIRMED.

---

3. In similar situations, the clerk, of course, should properly record the period of delay in accordance with the *Guidelines* for § 3161(h)(7).