UNITED STATES of America, Plaintiff–Appellee,

v.

William TOBIN, Defendant–Appellant.

No. 87–5004.

United States Court of Appeals, Eleventh Circuit.

March 23, 1988.

---

Michael H. Bloom, Coconut Grove, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Harriett Galvin, Linda Collins Hertz, Sonia Escobio O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL, Circuit Judge, HENDERSON *, Senior Circuit Judge, and MURPHY **, District Judge.

HAROLD L. MURPHY, District Judge:

On June 19, 1985, a federal grand jury filed an indictment charging appellant William Tobin and Frank Mancini with conspiracy to possess cocaine with intent to distribute; possession of cocaine with intent to distribute; and forcibly resisting agents of the Drug Enforcement Administration during the performance of agents' official duties. Appellant was found guilty of the narcotics charges on October 27, 1986. Appellant's codefendant, Frank Mancini, has been a fugitive since the commission of the offenses.

Appellant contends the district court erred (1) in denying pretrial motions to dismiss the indictment on the ground that he was denied a speedy trial; (2) in denying a pretrial motion to suppress evidence seized from his car; (3) in admitting into evidence testimony regarding prior crimes, wrongs or acts committed by him; and (4) in denying his motion for judgment of acquittal as to the narcotics charges.

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Harold L. Murphy United States Judge for the Northern District of Georgia, sitting by designation.

### Codefendant's Fugitive Status

Appellant was arrested and brought before a Federal Magistrate on June 5, 1985. On June 19, 1985, an indictment was filed charging appellant and Edward Mancini jointly with drug-related offenses. If no statutory exclusions were applicable, the Speedy Trial clock would have started to run on June 20, 1985. *United States v. Severdija*, 723 F.2d 791, 793 (11th Cir. 1984); *United States v. Campbell*, 706 F.2d 1138, 1139 (11th Cir.1983). The statutory period would have thus run on August 29, 1985.

The case was first noticed for trial on November 27, 1985, for the trial period commencing on December 16, 1985. At calendar call of December 12, 1985, appellant announced ready for trial. Appellee announced that codefendant Mancini had not yet been arrested on the indictment. On that date, the trial court stated:

> I'm not terribly disposed to try a case where I have a fugitive status for one of the co-defendants or when the other defendant's on bond and therefore I will continue it until the time, until a reasonable time after the defendant Mancini is apprehended.
>
> Now if that becomes too long I will direct the Clerk to put this case in fugitive status because of that. I don't mind trying a one day case missing a co-defendant. I am not interested in trying three, four, five days or more. There isn't time for that luxury. But if it drags too long before you get Mancini, I may have to set it down anyway.

(1SR2:2–3).

On February 28, 1986, appellant moved to dismiss the indictment based upon an alleged violation of the Speedy Trial Act.[1] Subsequently, on March 5, 1986, the trial court severed appellant's case by transferring the codefendant to fugitive status.

1. On that same date, appellant filed his motion to suppress evidence.

While recognizing that 18 U.S.C. § 3161(h)(7) stands for the proposition that a delay caused by one defendant is generally excludable as to his codefendants, *see United States v. Pirolli,* 742 F.2d 1382, 1384 (11th Cir.1984), *cert. denied,* 471 U.S. 1067, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985) ("Anything which 'stops the clock' for one defendant does so for the same amount of time as to all defendants."); *Campbell,* 706 F.2d at 1141, appellant contends this section is not applicable to him since the exception deals only with delay resulting from motion practice or other circumstances as a result of joinder of two or more defendants over whom the court has jurisdiction.

In response, appellee argues that since Mancini, with whom appellant was joined for trial, was never arraigned, the "clock" had not begun to run for him; thus, subsection (h)(7) by its express terms was fully applicable to exclude any reasonable period of delay occasioned by Mancini's absence.

Section 3161(h)(7) provides for exclusion from the 70–day Speedy Trial period of "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom time for trial has not run and no motion for severance has been granted." The legislative history of the Act indicates that the purpose of the (h)(7) exclusion was "to make sure that [the Act] does not alter the present rules on severance of codefendants by forcing the Government to prosecute the first defendant separately or to be subject to a speedy trial dismissal motion under Section 3161." S.Rep. No. 93–1021, 93d Cong., 2d Sess. 38 (1974). As noted in *United States v. Varella,* 692 F.2d 1352 (11th Cir.1982), *cert. denied,* 463 U.S. 1210, 103 S.Ct. 3542, 77 L.Ed.2d 1392 (1983), "Congress recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice. It felt that the efficiency and economy of joint trials far outweighed the desirability of granting a severance

where the criterion was simply the passage of time." *Id.* at 1359; *see also United States v. Novak,* 715 F.2d 810, 814–15 (3d Cir.1983) (discussing legislative history of § 3161(h)(7) in greater detail), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984).

■ Although this Circuit has not addressed the issue of whether and to what extent, if any, the delay caused by an unapprehended codefendant stops the clock for the defendant before the court, *United States v. Pena,* 793 F.2d 486 (2d Cir.1986), directly supports appellee's position. In *Pena* the Second Circuit found that the legislative history of subsection (h)(7) supported its interpretation that a reasonable period of time pending the apprehension of indicted codefendants may be excluded from the Speedy Trial computation where a motion for severance has not been granted. *Id.* at 489–90; *see also United States v. Dennis,* 737 F.2d 617 (7th Cir.1984) (Delay in bringing defendant to trial in order to ensure joint trial with codefendant was excludable where, although jointly indicted, codefendant could not be arraigned immediately because he had been transported out of the district on a preceding writ of habeas corpus for prosecution of a different charge.), *cert. denied,* 469 U.S. 868, 105 S.Ct. 215, 83 L.Ed.2d 145 (1984); *United States v. Felton,* 592 F.Supp. 172, 184–85 (W.D.Pa.1984) (delay of almost one year awaiting apprehension of indicted codefendant held reasonable in light of congressional preference for joint trials), *rev'd on other grounds,* 753 F.2d 256 and 753 F.2d 276 (3d Cir.1985).

We agree with the holding of *Pena* and find that the delay attributable to Mancini is excludable as to appellant so long as it was reasonable.

■ The remaining inquiry, then, is to determine whether, under the circumstances of this case, the delay of eight months and ten days [2] to permit the apprehension

---

**2.** June 20, 1985, the day appellant's Speedy Trial clock would have begun to run had no statutory exclusions been applicable, until February 28, 1986, the day appellant filed his motions to suppress and to dismiss. If, however, the delay

is considered to have started on August 29, 1985, seventy days after appellant was indicted, then the relevant period of delay was six months and two days.

of Mancini was reasonable. Alternative approaches can be used in determining whether a particular delay was reasonable. *United States v. Darby*, 744 F.2d 1508 (11th Cir.1984), *cert. denied*, 471 U.S. 1100, 105 S.Ct. 2322, 85 L.Ed.2d 841 (1985). Under one view, reasonableness is judged from the "totality of the circumstances prior to trial." *Id.* at 1518. Here the purpose of the delay is considered to determine whether the delay was necessary to achieve its purpose. *Id.* The second approach is to determine whether the delay caused actual prejudice to the defendant, particularly in terms of impairing his ability to defend himself. *Id.* at 1519.

Under both approaches, we find that the delay in this case was reasonable. Given the "totality of the circumstances prior to trial," the delay was necessary in an unsuccessful attempt to achieve a joint trial.[3] Moreover, appellant has failed to allege any substantial prejudice resulting from the delay. Finally, it is noted that at no time during this delay did appellant move to sever his case.[4]

*Eight–Month Delay Between Filing of Suppression Motion and the Hearing on the Motion*

Appellant filed his motion to suppress on February 28, 1986. Thereafter, the trial court expressed its intention to hear this motion simultaneously with trial. At that time, appellant expressed no objection to this arrangement. Appellant now argues that each time the case was continued after February 28, 1986, the hearing on the motion to suppress was continued, thus, it was unreasonable for the trial court not to rule promptly on his motion.

Appellant can not prevail. The Supreme Court has held that "Congress intended [Section 3161(h)(1)(F) ] to exclude from the Speedy Trial Act's 70–day limitation all time between the filing of a motion and the conclusion of the hearing on that motion, whether or not a delay in holding the hearing is 'reasonably necessary.' "

*Henderson v. United States*, 476 U.S. 321, 106 S.Ct. 1871, 1875, 90 L.Ed.2d 299, 309 (1986).

*Remaining Issues*

Appellant's contention that the materials discovered in his vehicle should have been suppressed because they were the fruit of an unlawful stop, *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963), is without merit. The trial court's finding that the vehicle had been abandoned prior to the search was not clearly erroneous. *See United States v. Colbert*, 474 F.2d 174, 176 (5th Cir.1973) (one has no standing to complain of a search or seizure of property he has voluntarily abandoned).

Appellant contends the trial court erred in permitting the introduction of evidence that, nine months prior to the acts charged, appellant had co-piloted an airplane carrying 191 kilograms of cocaine that landed in the Bahamas. We find that this evidence, accompanied by the court's limiting instructions, was properly admitted into evidence under Fed.R.Evid. 404(b) without a clear abuse of discretion. *United States v. Miranda*, 835 F.2d 830, 832 (11th Cir.1988); *United States v. Dothard*, 666 F.2d 498, 501 (11th Cir.1982).

Finally, the evidence, when considered in the light most favorable to the government, adequately supports the trial court's decision to deny appellant's motion for judgment of acquittal as to the narcotics charges.

AFFIRMED.

---

**3.** Again, it is noted that the trial court severed appellant's case by transferring the codefendant, Mancini, to fugitive status on March 5, 1986.

**4.** We do not have for decision the issue as to how much time must pass before the court should grant a severance, upon motion of a defendant, so as to afford such defendant the benefit of the Speedy Trial Act.