9 F.3d 1545
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Daniel Harper MATTHEWS, Defendant-Appellant.
 No. 92-5300.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 14, 1992.
Decided: November 9, 1993.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenwood. Henry Michael Herlong, Jr., District Judge. (CR-91-545)
 C. Rauch Wise, Wise & Tunstall, Greenwood, South Carolina, for Appellant.
 John S. Simmons, United States Attorney, Matthew R. Hawley, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Daniel Harper Matthews appeals his conviction for using or carrying a firearm during the commission of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1) (West 1976 & Supp. 1992). He claims a violation of the Speedy Trial Act, 18 U.S.C.A. §§ 3161-3174 (West 1985 & Supp. 1992), as well as erroneous admission of evidence pursuant to Fed. R. Evid. 404(b). Finding the appeal to be without merit, we affirm the conviction.
 
 I.
 
 2
 On September 20, 1991, South Carolina law enforcement officers, assisted by agents of the Bureau of Alcohol, Tobacco, and Firearms (BATF), served a search warrant on Matthews at his home. Officers recovered from Matthews' desk a handgun and approximately eight grams of crack cocaine. Other firearms were recovered from other locations in the house. Matthews initially was charged only with violating state drug laws.
 
 
 3
 Local officers requested BATF officials to seek federal charges against Matthews. On September 25, 1991, a complaint and warrant charging a violation of § 924(c)(1) was issued. Also on September 25, Matthews was arrested on the federal charges and made an initial appearance. Federal and state authorities then began discussing possibly adopting the state drug charges and/or developing drug conspiracy charges against Matthews. Matthews was released on bond on October 7, 1991.
 
 
 4
 On October 18, 1991, the United States filed an ex parte order asking for a continuance in presenting the case to the grand jury because its investigation was incomplete. The delay sought was from the regularly scheduled grand jury on October 22, 1991, until the next scheduled grand jury on November 19, 1991. On October 18, the district court signed the order, which stated in part:
 
 
 5
 due to the nature of the case, the Government would not have sufficient time to complete its investigation[by October 22]. Furthermore, presentation of an Indictment [on October 22] would violate [18 U.S.C. § 3161(b) ] unless the period of time is extended.... The delay resulting from the continuance is excludable under [18 U.S.C. §§ 3161(b) and 3161(h)(8)(B)(iii) ].
 
 
 6
 On November 19, 1991, the one-count indictment charging Matthews with a violation of § 924(c)(1) was returned.
 
 
 7
 Matthews was arraigned on December 4, 1991. At a pretrial conference on December 19, 1991, Matthews' counsel moved to dismiss the indictment, claiming a violation of 18 U.S.C. § 3161(b). On January 13, 1992, defense counsel filed a motion to exclude testimony of an expected government witness, Mike Nickles, as to prior bad acts by Matthews. Following a hearing, the district court denied both motions. After disposition of the motions, trial began. The jury returned a guilty verdict, and this appeal followed.
 
 II.
 
 8
 Matthews argues that the reasons given on October 18, 1991, for granting the continuance were too conclusory to comply with § 3161(h)(8)(A). We disagree.
 
 
 9
 The Speedy Trial Act imposes statutory time limits for completing key stages of federal prosecutions. Subject to certain exceptions, an indictment is to be filed within thirty days from the date of arrest. 18 U.S.C. § 3161(b) (1988). Excluded from the thirty-day period is:
 
 
 10
 [a]ny period of delay resulting from a continuance granted by any judge ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance ... shall be excludable ... unless the court sets forth, either orally or in writing, its reasons [for granting the continuance]....
 
 
 11
 18 U.S.C. § 3161(h)(8)(A) (1988).
 
 
 12
 Case law establishes that the order granting the continuance need not set forth the reasons for the continuance, so long as the court subsequently articulates its reasons. United States v. Carey, 746 F.2d 228, 230 n.2 (4th Cir. 1984), cert. denied, 470 U.S. 1029 (1985); United States v. Bryant, 726 F.2d 510 (9th Cir. 1984). Not only did the district court in this case give reasons for granting the continuance, but it expanded on those reasons at the hearing prior to trial. We thus reject Matthews' argument that the October 18 order was in violation of the Speedy Trial Act.
 
 
 13
 Similarly, we reject Matthews' contention that the reasons given on January 14, though more detailed, still were statutorily deficient. Matthews asserts that the United States made no showing that his case was unusually complex or that the continuance was required because it was unreasonable to expect an indictment within the thirty-day period. Under 18 U.S.C. § 3161(h)(8)(B)(iii), the court is to consider these factors, among others, in deciding whether to grant a continuance.
 
 
 14
 We note that the factors set forth in § 3161(h)(8)(B) are identified as "among" the factors the court shall consider in reaching its determination. The list, thus, is nonexclusive. The district court is free to consider other factors, including whether an investigation such as that involved in this case was incomplete. See United States v. Blandina, 895 F.2d 293, 297-98 (7th Cir. 1989). We note additionally that Matthews identified no way in which his defense was prejudiced by the minimum delay caused by the continuance. See id. Accordingly, we find no violation of the Speed Trial Act.
 
 III.
 
 15
 Matthews contends that the district court should not have permitted government witness Nickles to testify as to past marijuana and cocaine dealings with Matthews. Matthews objected to this testimony both before and during trial, claiming that the testimony was inadmissible under Fed. R. Evid. 404(b). Contrary to Matthews' assertion, we find that the evidence was relevant, necessary, reliable, and not unduly prejudicial. See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988).
 
 
 16
 Nickles met Matthews in 1986 when he went to work for Matthews' painting business. In March 1990 Nickles and Matthews began smoking marijuana together. Nickles began buying at least one-quarter pound of marijuana from Matthews each week. Nickles, in turn, either smoked the marijuana himself or sold it to friends. Nickles accompanied Matthews on a trip to Florida to purchase four pounds of marijuana for approximately $28,000. During the trip, Matthews gave Nickles a handgun to carry.
 
 
 17
 At some point, Matthews began supplying Nickles with cocaine. Nickles said that he had seen Matthews in possession of powder cocaine on four or five occasions. On two of these occasions, Matthews had more than ten ounces of cocaine. Nickles also testified that he had seen Matthews smoking crack cocaine seven or eight times. Matthews told Nickles that he was selling crack and powder cocaine.
 
 
 18
 In this Circuit, prior bad acts are admissible under Rule 404(b) "if they are (1) relevant to an issue other than character, (2) necessary, and (3) reliable." United States v. Rawle, 845 F.2d at 1247 (footnotes omitted). Evidence meeting these requirements must also be more probative than prejudicial and therefore admissible under Fed. R. Evid. 403. Id. The admission of evidence of prior bad acts is reviewed for an abuse of discretion. United States v. Mark, 943 F.2d 444, 447 (4th Cir. 1991).
 
 
 19
 We conclude that there was no abuse of discretion because Nickles' testimony satisfied the Rawle test. The evidence was sufficiently related to the charged offense to be relevant. See United States v. Rawle, 845 F.2d at 1247 n.3. The testimony related to events close in time to the charged offense. See United States v. Hernandez, 975 F.2d 1035, 1039 (4th Cir. 1992). Further, Nickles' testimony was sufficiently related to the charged offense because both the acts testified to and the offense involved the same state of mind (to deal drugs and to carry a firearm to facilitate those dealings). See United States v. Mark, 943 F.2d at 448.
 
 
 20
 Nickles' testimony was necessary because it strongly supported the theory that Matthews was a drug dealer who carried firearms in connection with his dealings. See United States v. Rawle, 845 F.2d at 1247 n.4. The testimony also was sufficiently reliable. Nickles had proved a reliable informant on previous occasions, and a second individual had corroborated (to law enforcement officers) the information Nickles testified to. Finally, we conclude that the evidence was not more prejudicial than probative. Indeed, we find nothing in the record to suggest that Nickles' testimony would have caused the jury to react irrationally. See United States v. Greenwood, 796 F.2d 49, 53 (4th Cir. 1986).
 
 IV.
 
 21
 Finding neither of the grounds raised on appeal to have merit, we affirm the conviction. As our review of the materials before us reveals that it would not significantly aid the decisional process, we dispense with oral argument.
 
 AFFIRMED