See also 846 F.Supp. 921.

**UNITED STATES of America, Plaintiff,**

v.

**Antonio RAMOS, aka Jose Zepeda, and Eulalio Vazquez Granados, Defendants.**

**Nos. 93–40033–01–SAC, 93–40033–02–SAC.**

United States District Court,
D. Kansas.

Feb. 2, 1994.

F.G. Manzanares, Topeka, KS, for Antonio Ramos.

Marilyn M. Trubey, Office of Fed. Public Defender, Topeka, KS, for Eulalio Vazquez Granados.

Homer Delgado, pro se.

Gregory G. Hough, Office of U.S. Atty., Topeka, KS, for the U.S.

**MEMORANDUM AND ORDER**

CROW, District Judge.

The case comes before the court on the government's motion for continuance of trial pursuant to 18 U.S.C. § 3161(h)(3)(A), (7). On January 27, 1994, a pretrial services officer petitioned the court to issue an arrest warrant for the defendant Antonio Ramos as the defendant had absconded from pretrial release supervision. On the same day, the court ordered the issuance of an arrest war-

rant for the defendant Ramos to appear and show cause why pretrial release should not be revoked. The trial of this case is scheduled to commence February 7, 1994, and the defendant Ramos has not been apprehended. The government seeks a continuance in order that the defendants can be tried together. The defendant Granados opposes the continuance.

■ The general rule in this circuit is that defendants indicted together are also tried together. *United States v. Peveto*, 881 F.2d 844, 857 n. 16 (10th Cir.), *cert. denied*, 493 U.S. 943, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989). The federal criminal justice system prefers and values joint trials. *Zafiro v. United States*, — U.S. —, —, 113 S.Ct. 933, 937, 122 L.Ed.2d 317, 324 (1993). Joint trials promote economy and efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent trials." *Richardson v. Marsh*, 481 U.S. 200, 210, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987). Joint trials "reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague" and provide "the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir.), *cert. denied*, 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987) (citations omitted)[1].

■ The defendant Granados has filed a motion to sever based upon an apprehension that the defendant Ramos may testify at the joint trial "pointing the finger of guilt at" Granados. This trial, in Granados' opinion, will be a case where each defendant casts blame on the other creating a danger that the jury will disbelieve both defendants and find both guilty without considering the weight of the government's evidence. The defendant's motion does not demonstrate that this is a case where the respective defenses are mutually exclusive to the point that a jury cannot accept one defendant's

defense without rejecting the other defendant's acquittal. The court cannot determine from the motion if the case is one where each defendant will be solely defending on the basis of the guilt of the other defendant or one where both of the defendants can be acquitted because each will be asserting his own innocence or blaming the secretly stored marihuana on a third party. To decide Granados' motion, the court must hear much more than has been presented. The court will hear counsels' arguments and any evidence at a later date.

The defendant Granados does not contend that his joinder with the defendant Ramos is improper under Fed.R.Crim.P. 8. A joint trial here would serve the interests of economy, efficiency, and justice. The defendants are charged as joint participants in the possession of marihuana. The government represents that each defendant will be tried on essentially the same evidence. As a result, separate trials would be a burden on the government and would create the potential of reasonable doubt arising simply from each defendant blaming the other. The government has ample cause for requesting a continuance of the trial.

■ A principal consideration in deciding this motion is the defendant Granados' right to a speedy trial. 18 U.S.C. § 3161(h) provides in pertinent part:

The following period of delay shall be excluded in computing the time within an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

. . . .

(3)(A) Any period of delay resulting from the absence or unavailability of the defendant or an essential witness.

. . . .

(7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial

---

1. The Seventh Circuit also said in *Buljubasic*, 808 F.2d at 1263:

"Finger-pointing is an acceptable cost of the joint trial and at times is even beneficial because it helps complete the picture before the trier of fact. Unless the defenses are so inconsistent that the *making* of a defense by one party will lead to an unjustifiable inference of another's guilt, or unless the acceptance of a defense *precludes* acquittal of other defendants, it is not necessary to hold separate trials."

has not run and no motion for severance has been granted.

The period of delay caused by the defendant Ramos' flight is excludable under (h)(3). "All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant." *Henderson v. United States*, 476 U.S. 321, 323 n. 2, 106 S.Ct. 1871, 1873 n. 2, 90 L.Ed.2d 299 (1986) (citing § 3161(h)(7)); *see also United States v. Khoury*, 901 F.2d 948, 971 (11th Cir.1990) ("[W]hen the clock stops for one defendant, generally it stops for all defendants."), *modified on other grounds*, 910 F.2d 713 (11th Cir.1990). The exclusion under (h)(7) is limited to that period of delay which is "reasonable." *Id.* 476 U.S. at 326–27, 106 S.Ct. at 1874–75. "[A]ny 'reasonable period of delay' excludable as to one defendant is excludable as to his or her codefendants." *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir.1990); *see also United States v. Mayes*, 917 F.2d 457, 460 (10th Cir.1990), *cert. denied*, 498 U.S. 1125, 111 S.Ct. 1087, 112 L.Ed.2d 1192 (1991). Consequently, the period of delay caused by a defendant's flight or absence is automatically excludable for that defendant and excludable against the codefendants only if reasonable. *See United States v. Mayes*, 917 F.2d at 460; *United States v. Tobin*, 840 F.2d 867, 869 (11th Cir.1988).

Other than making a few general observations, the court will save until later the issue of what is a reasonable period of delay. What is reasonable is judged from all the relevant circumstances of the particular case. *United States v. Tranakos*, 911 F.2d at 1426. An important factor here is that the delay affects the defendant Granados' liberty because he is incarcerated. *Mayes*, 917 F.2d at 460. The defendant Granados was on pretrial release and later detained only after he had violated the terms of that release by cutting off the electronic monitoring device and going to Mexico. The defendant Granados surrendered to U.S. authorities on November 13, 1993, over one month after leaving pretrial supervision. The court must also be mindful of "the efficient use of prosecutorial and judicial resources in trying multiple defendants in a single trial." *United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir.

1986). This case appears to be one "[w]here 'the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses.' " *Tranakos*, 911 F.2d at 1426 (quoting *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 916 (10th Cir.), *modified on other grounds*, 881 F.2d 866 (10th Cir.1989), *cert. denied*, 493 U.S. 1043, 110 S.Ct. 837, 107 L.Ed.2d 833 (1990)). In light of the pending motion to sever, the court expects that the government will actively continue to pursue the defendant Ramos and that the government will come forth when it no longer believes in good faith that Ramos can be returned promptly. *See United States v. Khoury*, 901 F.2d at 973.

For now, the court will not set any outside limit on what may be a reasonable period of delay under § 3161(h)(7). Four weeks for the government to proceed with efforts to locate and return the defendant Ramos is reasonable under the present circumstances. To date, the government appears to have been diligent in contacting and coordinating the involvement of different law enforcement personnel in several different jurisdictions. The government's task is made difficult by the defendant Ramos' former contacts with two other states, Missouri and New Mexico, and another country, Mexico. The court instructs the government to file a report of its efforts in this regard on March 1, 1994. Assuming the defendant Ramos is not returned by that time, the court will hear on March 4, 1994, at 11:00 a.m., arguments and evidence on any further continuance of trial and on the defendant Granados' motion to sever.

IT IS THEREFORE ORDERED that the government's motion for continuance of trial (Dk. 50) is granted, and this delay is excludable under 18 U.S.C. § 3161(h)(1)(F), (3)(A) and (7).