67 F.3d 297
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wayne Samuel CLYBURN, Defendant-Appellant.
 No. 94-5026.
 United States Court of Appeals, Fourth Circuit.
 Argued: March 10, 1995.
Decided: Oct. 2, 1995.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Chief District Judge. (CR-92-130)
 David Allen Downes, Front Royal, Virginia, for Appellant.
 Thomas Oliver Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee. ON BRIEF: William D. Wilmoth, United States Attorney, Wheeling, West Virginia, for Appellee.
 Before ERVIN, Chief Judge, RUSSELL, Circuit Judge, and WILLIAMS, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Wayne Samuel Clyburn ("Clyburn") appeals his convictions for his role in the distribution of cocaine. He contends that he was not brought to trial within the time limits of the Speedy Trial Act, 18 U.S.C. Sec. 3161 et seq. (the "Act"), that there was insufficient evidence to support three of the convictions, and that trial court erred in determining his relevant conduct for sentencing purposes. For the reasons below, we affirm.
 
 I.
 
 2
 Law enforcement officers arrested Clyburn following an investigation into the distribution of cocaine in Charles Town, West Virginia. Clyburn and a co-defendant known only as "Lee" were indicted on May 6, 1992. He and defendant "Lee" were named in an eight-count superseding indictment on August 19, 1992.
 
 
 3
 The trial was continued on three separate occasions. On October 14, 1992, Clyburn moved to continue the trial that originally had been scheduled for October 19, 1992. The trial court granted this motion, and later rescheduled the trial for February 2, 1993. The trial court on its own then twice continued the trial "for reasons appearing to the court" and cited 18 U.S.C. Sec. 3161(h)(8)(A) in its orders.
 
 
 4
 The trial eventually commenced on June 29, 1993. Clyburn moved to dismiss contending that the trial was not timely under the Act. The trial judge stated that to the best of his recollection the previous continuances were necessary because he was involved in other trials. He took the motion under advisement, and the trial proceeded.
 
 
 5
 The government presented evidence that Clyburn used crack cocaine and supported his habit by serving as a "runner." That is, he would sell crack cocaine given to him by others in exchange for keeping a portion of the cocaine for himself. The government presented evidence that Clyburn distributed 70.61 grams of crack cocaine.
 
 
 6
 On the last day of the trial, the judge noted that his previous orders continuing the trial sua sponte contained an erroneous citation. He stated that those orders should have cited 18 U.S.C. Sec. 3161(h)(7). Under Section 3161(h)(7), a court may exclude "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. Sec. 3161(h)(7). The time for trial for "Lee" had not run as he remained at large, and Clyburn did not file a motion for severance. Therefore, the trial judge denied Clyburn's motion to dismiss.
 
 
 7
 The jury found Clyburn guilty of four counts of the indictment. It found him guilty of (1) conspiracy to possess crack cocaine with the intent to distribute, 21 U.S.C. Sec. 846; (2) possession of crack cocaine with the intent to distribute, 21 U.S.C. Sec. 841(a)(1); (3) aiding and abetting the distribution of crack cocaine within 1,000 feet of a school, 21 U.S.C. Secs. 841(a)(1) and 860 and 18 U.S.C. Sec. 2; and (4) distribution of crack cocaine, 21 U.S.C Sec. 841(a)(1). The trial court determined that his relevant conduct was 47.10 grams of crack cocaine and sentenced him accordingly. Clyburn now appeals.
 
 II.
 
 8
 Clyburn's primary argument is that his trial was not timely under the Act. Generally, a defendant must be tried 70 days after the latter of his arraignment or indictment. 18 U.S.C. Sec. 3161(c). However, the Act excludes certain periods from computation of this limit. 18 U.S.C. Sec. 3161(h). Clyburn argues that the trial court failed to provide him with the actual reason for the sua sponte continuances until the last day of the trial and that the resulting delay violated the Act.[1]
 
 
 9
 We are not persuaded by this argument. Clyburn is correct that the delay resulting from a continuance under Section 3161(h)(8)(A) is excluded only "if it is clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." United States v. Keith, 42 F.3d 234, 237 (4th Cir.1994) (citations omitted). Retroactive continuances under Section 3161(h)(8)(A) are inconsistent with the purposes of the Act. United States v. Carey, 746 F.2d 228, 230 (4th Cir.1984) (citations omitted), cert. denied, 470 U.S. 1029 (1985).
 
 
 10
 However, a court may order a continuance for a valid reason and later document its reasoning. Carey, 746 F.2d at 230, n. 2 (citations omitted). Here, the trial court made clear that the continuances were necessary because "Lee" had never been arraigned or severed from the case. Under these circumstances, the speedy trial clock did not begin to run, and the appropriate question is whether the delay of 147 days was reasonable. 18 U.S.C. Sec. 3171(h)(7); United States v. Pena, 793 F.2d 486, 489 (2d Cir.1986) (citations omitted). Accordingly, the court below provided a valid reason for its sua sponte continuances.
 
 
 11
 Moreover, we think that the delay in this case was reasonable. One factor in this regard is that Clyburn never moved for severance.[2] See United States v. Dennis, 737 F.2d 617, 621 (7th Cir.), cert. denied, 469 U.S. 868 (1984) (failure to move for severance considered in determining whether delay was reasonable under Section 3161(h)(7)). In addition, Clyburn has not shown how the delay prejudiced or impaired his defense. United States v. Darby, 744 F.2d 1508, 1519 (11th Cir.1984) (citations omitted) (considering prejudice to defendant), cert. denied, 471 U.S. 1100 (1985). Finally, the delay of 147 days was reasonable under the circumstances. See United States v. Vasquez, 918 F.2d 329, 337 (2d Cir.1990) (delay of almost 22 months reasonable); United States v. Tobin, 840 F.2d 867 (11th Cir.1988) (over eight months reasonable). Therefore, there has been no violation of the Act in this case.
 
 
 12
 Clyburn also contends that there was insufficient evidence to convict him of all but the aiding and abetting count of the indictment. We will reverse a conviction for insufficient evidence only if, viewing the evidence in the light most favorable to the government, no rational trier of fact could have found that the elements of the crime were satisfied beyond a reasonable doubt. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (citations omitted). Clyburn argues that the government's case failed this lenient standard.
 
 
 13
 This argument is without merit. There was extensive evidence that Clyburn was member of the conspiracy and served as a "runner." There was testimony that Clyburn repeatedly obtained crack cocaine for purchasers. In addition, there was testimony that Clyburn arranged meetings between sellers and buyers and received crack cocaine for his efforts. Furthermore, an undercover police officer testified that he purchased crack cocaine from Clyburn and that "Lee" identified Clyburn as "my man Sam" when Clyburn arrived to make the sale. This evidence was admissible as a non-hearsay statement of a coconspirator. Fed.R.Evid. 801(d)(2)(E); Bourjaily v. United States, 483 U.S. 171 (1987). Therefore, there was sufficient evidence to support the convictions.
 
 
 14
 Finally, Clyburn contends that the trial court erred in determining his relevant conduct for sentencing purposes. He argues that the testimony against him was inconsistent, uncorroborated, and motivated by bias. He maintains that the trial court should not have considered such testimony in calculating his relevant conduct.
 
 
 15
 For sentencing purposes, judges may consider any reliable information. United States v. Bowman, 926 F.2d 380 (4th Cir.1991) (uncorroborated testimony of confidential informant). The court is not restricted to information that would be admissible at trial. 18 U.S.C. Sec. 3661; United States v. Roberts, 881 F.2d 95, 106 (4th Cir.1989). Finally, the calculation of the quantity of narcotics is a factual determination that we review under the clearly erroneous standard. United States v. Daugherty, 874 F.2d 213, 217 (4th Cir.1989).
 
 
 16
 In this case, as noted above, there was ample evidence of Clyburn's involvement in the distribution of crack cocaine. The government submitted evidence that Clyburn's relevant conduct was 70.61 grams of crack cocaine. Clyburn objected to this figure, and the court conducted an evidentiary hearing at which Clyburn had the opportunity to present evidence as well as cross-examine the government's witnesses. After considering all the evidence, the trial court found that his relevant conduct was 47.10 grams of cocaine. The credibility of the testimony is best resolved by the trial judge, and we will not second guess the court's findings of fact under these circumstances. United States v. Bowman, 926 F.2d at 381.
 
 
 17
 Therefore, for the foregoing reasons, the decision below is
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Clyburn only contests the delay caused by the court's own continuances (147 days) in this matter
 
 
 [2]
 There are divergent views on the effect of the failure of a defendant to file a motion for severance. Compare United States v. Vasquez, 918 F.2d 329, 334-37 (2d Cir.1990) (reasonable limitation inapplicable if codefendant does not file a motion for severance) with United States v. Tanner, 941 F.2d 574, 580-81 (7th Cir.1991) (only a reasonable time is excluded even if no motion for severance), cert. denied, 502 U.S. 1102 (1982). We do not address this issue as the delay in this case was reasonable