**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 98-4380

KATHI BARBOUR PRICE, a/k/a Storm,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-97-120)

Submitted: January 29, 1999

Decided: February 25, 1999

Before WILKINS, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark Kevin Tyndall, MORCHOWER, LUXTON & WHALEY,
Richmond, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Joseph W.H. Mott, Assistant United States Attorney,
Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Kathi Barbour Price of two counts of distributing methamphetamine and one count of possessing methamphetamine with intent to distribute. On appeal she alleges that the district court erred by denying her motion to dismiss the indictment for a violation of the Speedy Trial Act, 18 U.S.C. § 3161 (1994). Finding no error, we affirm.

Price sold methamphetamine to a government informant on two separate occasions. Although she negotiated the first sale, the drugs were actually delivered by a co-defendant named "Nose." Price was arrested on October 21, 1997, when she arrived to complete a third sale, and she was brought before a judicial officer the next day.[1] A formal indictment was filed on November 14, 1997, charging Price with all three counts of conviction, and "Nose" was indicted with Price in connection with the first sale.[2] Price was arraigned on the new charges (i.e., the distribution counts) on December 8, 1997. The defense filed pretrial discovery motions, and trial commenced on February 20, 1998.

We review the district court's interpretation of the Speedy Trial Act de novo, but its factual findings are reviewed for clear error. See United States v. Reavis, 48 F.3d 763, 770 (4th Cir. 1995). The speedy trial "clock" is started on the date the formal indictment is filed, or on the date the defendant appears before a judicial officer, whichever is later, and the defendant must be tried within seventy days, excluding reasonable delays. See 18 U.S.C. § 3161(c)(1) (1994). Price alleges that the clock started for her on November 14, 1997; the date of the formal indictment. She argues that even taking into account the fifteen-day discovery period which both parties agreed to, her trial should have commenced prior to February 7, 1998.

_____

[1] At this point, Price was only charged with possession of methamphetamine with intent to distribute in connection with the attempted sale on October 21.

[2] "Nose" was never apprehended and remains a fugitive. No motion for severance was ever made or granted.

2

We disagree. Since Price was charged with new offenses, the clock did not begin to run until December 8, 1997, when she appeared before a judicial officer on the new charges. See United States v. Carey, 746 F.2d 228, 230-31 (4th Cir. 1984). As a result, the deadline for trial was March 3, 1998, well after Price's actual trial date. Moreover, Price was indicted with a codefendant who was never apprehended or arraigned. As a result, the speedy trial clock never began to run. See United States v. Pena, 793 F.2d 486, 488-89 (2d Cir. 1986) (clock never begins to run on defendants who are fugitives and never arraigned, and any delay attributable to one defendant is attributable to all codefendants).

Accordingly, we affirm Price's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3