**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hector Ruanos TAPANES,
Defendant-Appellant.**

**No. 81–5277.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 16, 1982.

William Clay, Paul Morris, Miami, Fla., for defendant-appellant.

Robert J. Bondi, Jon May, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before VANCE and ANDERSON, Circuit Judges, and ALLGOOD *, District Judge.

PER CURIAM:

On November 5, 1980, appellant Hector Ruanos Tapanes and two other individuals were aboard the "PAPER DOLL" when it was stopped and boarded by the United States Coast Guard near Key Largo, Florida. While walking to the engine room for a safety inspection, Tapanes told Officer Wold of the Coast Guard "Just between you and me there is grass on this boat." On board were 18,000 pounds of marijuana. Tapanes further stated "Look, I have got a family and kids and everything. Couldn't you let us go." The request was declined, defendants were arrested and the vessel seized.

On February 13, 1981, Tapanes was convicted by a jury of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Appellant appeals from that conviction, enumerating as error: (1) the denial of defendant's constitutional right to a unanimous verdict; and (2) the refusal of the trial court to instruct the jury on the lesser included offense of simple possession of marijuana.

■ Citing *United States v. Sexton*, 456 F.2d 961 (5th Cir. 1972), *United States v. Edwards*, 469 F.2d 1362 (5th Cir. 1972) and

---

* Honorable Clarence W. Allgood, U. S. District Judge for the Northern District of Alabama, sitting by designation.

*United States v. McCoy*, 429 F.2d 739 (D.C. Cir.1970), appellant contends the verdict against him lacked unanimity because of an indefinite response by a juror when polled, after which proper procedure required the jury to further deliberate. The following colloquy occurred during the poll of the jury:

THE CLERK: Praxedes Suarez, is the verdict as read your verdict?

JUROR NO. 8: I am sorry. I need to ask you a question.

THE COURT: Pardon?

JUROR NO. 8: I could not understand.

THE COURT: All right. He is asking you whether or not—

JUROR NO. 8: One that omits there, that what he means, I don't—

THE COURT: Just listen to me. I am trying to explain to you what we are doing. The jury has gone back and voted in the case and the foreman says that all 12 of you voted guilty. Mr. O'Hare is now asking you whether or not you, individually, vote guilty, so perhaps the easiest way to do it is to say to you, "Miss Suarez, what is your verdict in this case.

JUROR NO. 8: Guilty.

THE COURT: Okay. You understand what we are doing now. We are taking an individual reading on the representation that the verdict is unanimous.

Now, what did you say a moment ago, Miss Suarez, so that we won't cut you off.

JUROR NO. 8: No, because, well, I don't know to say this here or not.

THE COURT: I cannot hear you, madam. Speak up again, please.

JUROR NO. 8: I do not know to say it here or no. I do not know to say something here or not.

\*   \*   \*   \*   \*   \*

THE COURT: So tell us again what it is that you wish to say. I will be glad to hear from you. That is exactly why we are giving you an opportunity to talk.

JUROR NO. 8: No, because I did not understand, first, what I, we say over there or not, you know, because—

THE COURT: You did not understand what?

JUROR NO. 8: What you say, you know, like, maybe I say something before, before, after, you know, after we discuss and everything, we reached the verdict, that is what.

THE COURT: All I want to know is whether or not—

JUROR NO. 8: After we reach.

THE COURT: Whether or not you yourself individually have determined that the government has proved this case beyond a reasonable doubt against this defendant. If you have so determined we want to know it. If you have not, we want to know it.

Now, what is your verdict in this case?

JUROR NO. 8: Guilty.

The colloquy continued and at its conclusion, Juror No. 8 had stated that the guilty verdict was her verdict at least seven times. Unlike the ambiguous, indefinite or equivocable verdicts of *Sexton, Edwards* and *McCoy*, the verdict in the present case was unequivocable and definite. No doubt was raised as to its unanimity. The verdict was therefore properly accepted without further jury deliberation. *See United States v. Duke*, 527 F.2d 386, 394 (5th Cir. 1976).

■ Appellant further contends that the trial judge erred by not instructing the jury on the lesser included offense of simple possession of marijuana. Because of the large quantity involved, thereby making it inconceivable that the marijuana was intended for the appellant's personal consumption, an instruction on the lesser included offense was unnecessary. *United States v. Hirst*, 668 F.2d 1180, 1184 (11th Cir. 1982).

Appellant's contentions being without merit, his conviction is affirmed.

AFFIRMED.