[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-11389

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CORION LESHON MOORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:18-cr-00021-AKK-SGC-1

_____

Before JORDAN, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Corion Leshon Moore appeals his convictions for possession with intent distribute less than five grams of methamphetamine and possession of a firearm after a felony conviction. He contends that the district court erred by failing both to give a lesser-included-offense instruction for simple drug possession and to instruct the jury that the government was required to prove he knew he was a felon when he possessed the firearm, as required by *Rehaif v. United States*, 588 U.S. ___, 139 S. Ct. 2191 (2019).

Moore also appeals the supervised-release component of his sentence, arguing that the district court's written amended judgment imposed a special condition inconsistent with the oral pronouncement of sentence. The government agrees and joins his request to vacate that portion of his sentence and remand for the court to amend its judgment to match the oral sentence.

After careful review, we affirm Moore's convictions, but we vacate his sentence and remand for the district court to conform its written judgment to its oral sentence.

I.

In a four-count indictment, the government charged Moore with two counts of methamphetamine distribution and one count of possession with intent to distribute five grams or more of methamphetamine and detectable amounts of heroin, cocaine, and

cocaine base, all in violation of 21 U.S.C. § 841(a)(1), and with one count of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1). The government later filed an information under 21 U.S.C. § 851, listing six prior convictions for controlled-substance offenses. Moore pled not guilty and proceeded to trial on all counts.

The relevant trial evidence established that Moore sold $40 of methamphetamine (less than one gram) to a confidential informant from his home on November 30, 2016, and December 7, 2016. The confidential informant, who had previously purchased methamphetamine from Moore, wore audio-video recording equipment during the sales and was searched by law enforcement before and after the sales.

Then, on December 8, 2016, the day after the second controlled buy, police officers executed a search warrant at Moore's home and found 37.8 grams of methamphetamine in a bag on a table next to a digital scale and a box of plastic bags. Moore had used a digital scale and plastic bag to weigh and package the methamphetamine during the controlled buys. The officers also found three guns, amounts of marijuana, heroin, cocaine, and cocaine base, and rolling papers for marijuana. At the scene, Moore claimed that the items were his and that his girlfriend, who was present at the home, did not know anything.

Law-enforcement witnesses testified that 37.8 grams of methamphetamine was not a "user quantity," but rather was consistent with distribution, specifically sales to the day-to-day

common user, if not "close to trafficking weight." They further explained that the digital scale, plastic bags, and firearms were also consistent with distribution. Ordinarily, these witnesses stated, scales and plastic bags were used to weigh out and package product for distribution, while firearms were used for protection. But the government witnesses did acknowledge that users also used digital scales and that users may buy drugs in bulk for a discount if they are able.

At trial, Moore requested an instruction on simple possession under 21 U.S.C. § 844(a) as a lesser-included offense of possession with intent to distribute under 21 U.S.C. § 841(a)(1). Defense counsel maintained that the jury could find that the methamphetamine found in his home was "for personal use," without additional evidence on that point, stating that "anything could happen."

Ultimately, the district court declined to give the simple-possession instruction. The court was unsure that simple possession was a lesser-included charge, noting that it was not charged in the indictment. More importantly, the court believed the charge was unnecessary, stating that Moore would simply be acquitted if the jury believed his argument that he possessed the drugs for personal use. Defense counsel acknowledged the court's point but responded that some jurors "might well agree with simple possession because they think he should be held accountable." Unpersuaded, the court declined to instruct on simple possession but included language making clear that possession with intent to distribute was "for something other than for the defendant's own personal use."

Regarding the gun-possession count, the district court gave the pattern charge, which at that time didn't require the jury to find that Moore knew he had been convicted of a crime punishable by more than a year of imprisonment when he possessed the firearms.

The jury found Moore guilty on all counts, but for Count 3 it determined that he possessed with intent to distribute less than five grams of methamphetamine.

The case proceeded to sentencing, at which Moore was sentenced to a total of 180 months in prison, based on a guideline range of 151 to 188 months, and to 6 years of supervised release. As to supervised release, the court imposed the standard conditions and three special conditions that required Moore to cooperate in DNA collection and to not use or possess any controlled substance except as prescribed or be in a location where controlled substances were illegally sold, used, distributed, or administered. The court declined Moore's request to recommend residential drug treatment, finding nothing in the record "that suggests that he has a drug problem."

The district court entered judgment on April 5, 2019. Five days later, acting *sua sponte*, the court amended its judgment to include an additional special condition of supervised release requiring Moore to participate in a drug-treatment program.[1] Moore now brings this appeal.

---

[1] In full, the special condition provided as follows:

## II.

We start with the district court's refusal to instruct the jury on a lesser-included offense.  We normally review a court's refusal to give a requested jury instruction for an abuse of discretion. *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995).  But whether the defense produced sufficient evidence to sustain a particular instruction is generally a question of law which we review *de novo*.  *United States v. Calderon*, 127 F.3d 1314, 1329 (11th Cir. 1997).  Ultimately, we may affirm the district court's judgment on any basis supported by the record.  *United States v. Gibbs*, 917 F.3d 1289, 1293 n.1 (11th Cir. 2019).

---

You must participate in the Substance Abuse Intervention Program (SAIP) (or comparable program in the district of supervision) under the administrative supervision of the probation officer, and you must comply with the requirements and rules of the program.  This program includes the following components: (a) testing by the probation officer or an approved vendor to detect prohibited drug or alcohol use; (b) substance abuse education; (c) outpatient substance abuse treatment, which may include individual or group counseling, provided by the probation office or an approved vendor, and/or residential treatment; (d) placement in a community corrections center (halfway house) for up to 270 days; and/or (e) home confinement subject to electronic monitoring for up to 180 days.  You must contribute to the costs of participation unless the probation officer determines you do not have the ability to do so.

## A.

The Federal Rules of Criminal Procedure allow a defendant to be found guilty of any offense necessarily included in the offense charged. Fed. R. Crim. P. 31(c)(1). A defendant is entitled to a jury instruction on a lesser-included offense if (1) the charged offense encompasses all the elements of the lesser offense; and (2) "the evidence would permit the jury rationally to acquit the defendant of the greater, charged offense and convict him of the lesser." *United States v. Williams*, 197 F.3d 1091, 1095 (11th Cir. 1999). The first prong is met here because simple possession under 21 U.S.C. § 844(a) is a lesser-included offense of possession with intent to distribute under 21 U.S.C. § 841(a)(1). *United States v. Carcaise*, 763 F.2d 1328, 1334 n.20 (11th Cir. 1985).

Regarding the second prong, there must be "a disputed issue of fact" concerning an element required for the greater offense but not the lesser offense. *United States v. Gutierrez*, 745 F.3d 463, 470 (11th Cir. 2014). If a jury rationally could resolve the disputed issue of fact so as to convict of the lesser offense, but not the greater, then a lesser-offense instruction is proper. *See id.*; *see Sansone v. United States*, 380 U.S. 343, 350 (1965). The instruction must be justified by the evidence, however, and "cannot serve merely as a device for defendant to invoke the mercy-dispensing prerogative of the jury." *United States v. Snarr*, 704 F.3d 368, 389 (5th Cir. 2013) (cleaned up); *see also United States v. Chapman*, 615 F.2d 1294, 1299 (10th Cir. 1980); *Kelly v. United States*, 370 F.2d 227, 229 (D.C. Cir. 1966). Thus, no lesser-offense instruction is required "absent

any evidence to support the bare assertion of a defendant's lawyer" that an element is disputed. *United States v. Whitman*, 887 F.3d 1240, 1246–47 (11th Cir. 2018) (cleaned up).

In cases involving possession and distribution of drugs, a substantial quantity of drugs may preclude a rational inference of personal consumption. *See, e.g.*, *United States v. Hirst*, 668 F.2d 1180, 1184 (11th Cir. 1982) (thousands of pounds of marijuana); *United States v. Tapanes*, 685 F.2d 1291, 1292 (11th Cir. 1982) (18,000 pounds of marijuana). But a more ambiguous drug quantity does not necessarily entitle a defendant to a simple-possession instruction. *See, e.g.*, *United States v. Wright*, 131 F.3d 1111, 1115 (4th Cir. 1997) (rejecting the view that "a simple possession instruction is required in every case in which an intent merely to possess cannot be ruled out based upon the drug quantity alone"). Where the evidence strongly supports an inference that drugs were possessed with intent to distribute, the issue of intent is not "truly disputed" "[a]bsent some evidence to counter the strong inference of intent to distribute." *United States v. Rogers*, 504 F.2d 1079, 1084 (5th Cir. 1974) (deriving such a "strong inference" from the vast quantity of drugs involved); *see United States v. Pirolli*, 742 F.2d 1382, 1387 (11th Cir. 1984) (affirming the refusal to give a lesser-offense instruction where "[t]here was no evidence that the pound of cocaine was targeted for personal consumption").

In *Lee*, for example, we affirmed the refusal to instruct the jury on simple possession for a defendant found with 16.28 grams of crack cocaine in his pocket, finding "no significant evidence

presented to support the possibility that the crack cocaine in [his] pocket was for his personal use." 68 F.3d at 1273. We cited trial evidence showing that sales to users generally occurred in tenths of grams and that the defendant was listed as a distributor in the records of a person who supplied distributors and not users. *Id.* Based on this evidence and "the lack of evidence regarding personal use," we concluded that no rational jury could have found the defendant guilty of possession but acquitted him of possession with intent to distribute. *Id.*

This Court in *Lee* also distinguished the D.C. Circuit's decision in *United States v. Gibbs*, 904 F.2d 52 (D.C. Cir. 1990), the primary case on which Moore relies in this appeal. In *Gibbs*, the court held that an instruction on the lesser offense of simple possession was warranted where five individuals jointly possessed 15.5 grams of crack cocaine, and guns were found in the car. Roughly 10 of the 15.5 grams of crack cocaine were found in the false bottom of a salt container. *Id.* at 55. One of the containers had twelve rocks of cocaine. *Id.* Of those, ten were wrapped. *Id.* Another 4.686 grams of crack cocaine was found in a bag exposed on the car floor, between the passenger seat and the door frame. *Id.*

Emphasizing that if the 15.5 grams were for personal use, it would be divided among five people (thereby reducing the per-person quantity), the court explained that the drug quantity was not inconsistent with personal use and that the government offered no "clear evidence unmistakably indicating an intent to distribute." *Id.* at 58–59 ("[T]he government presented no evidence, nor any

expert testimony, that five adult men could not possibly consume 15.5 grams [.54 ounces] of cocaine.") (brackets in original).  The court noted that the car contained no "trafficking tools beyond the loaded weapons," which were relevant evidence of intent to traffic but not alone dispositive of such intent.  *Id.*  Although *Gibbs* involved a similar drug quantity as *Lee*, this Court distinguished *Gibbs* on the ground that the amount of cocaine "in conjunction with the other evidence in this case would prevent a reasonable jury from finding that [the defendant] did not intend to distribute." *Lee*, 68 F.3d at 1273.  And this "additional evidence" of intent to distribute warranted a different result.  *See id.*

### B.

Here, the district court's refusal to give a lesser-included-offense instruction cannot be sustained on the grounds it offered.  Because simple possession is a lesser offense of possession with intent to distribute, Moore was entitled to that charge if the evidence justified it.  *See Pirolli*, 742 F.2d at 1387 ("If the evidence justifies it, the defendant is entitled to an instruction on the lesser offense.").  That simple possession was not charged in the indictment, as the court observed, is no barrier.

Moreover, "it is no answer to [a] demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction." *Keeble v. United States*, 412 U.S. 205, 212 (1973).  In theory, a jury must acquit if an element is not established beyond a reasonable doubt, but in practice, where "the defendant is plainly guilty of some offense, the jury is likely to resolve

its doubts in favor of conviction." *Id.* at 212–13. "[A] defendant is entitled to a lesser offense instruction . . . precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory." *Id.* at 213. Accordingly, the district court erred in concluding that no lesser-offense instruction was warranted on the ground that Moore would be acquitted if the jury believed he possessed the methamphetamine for personal use.

Nevertheless, we affirm the district court on other grounds, namely that the evidence did not justify an instruction on the lesser offense of possession. *See Gibbs*, 917 F.3d at 1293 n.1; *Williams*, 197 F.3d at 1095.

Moore maintains that there was a disputed issue of fact concerning whether he possessed the methamphetamine found in his home for personal use or with the intent to distribute. He notes that a government witness conceded that a drug user can buy methamphetamine in bulk to save money, that the other items in the home were not inconsistent with personal use, and that the jury's verdict on the quantity of methamphetamine he possessed with intent to distribute shows that it "did not fully accept the government's theory of guilt" and "may have compromised on quantity instead of holding the government to its burden of proving intent."

Here, although the quantity of methamphetamine (37.8 grams) was not necessarily inconsistent with personal use to the extent that a thrifty user could theoretically buy methamphetamine in bulk for future use (37.8 grams was clearly not an amount

to be used immediately by a single person), we disagree with Moore that a jury could rationally believe that he possessed the drugs without the intent to distribute. First, the evidence showed that a confidential informant, who had previously purchased methamphetamine from Moore, twice bought small quantities of methamphetamine from Moore at his home. Second, just one day after the second controlled buy, officers conducting a search of Moore's home found 37.8 grams of methamphetamine next to a digital scale and plastic bags, which Moore apparently had used to weigh and package the drugs during the controlled buys, as well as several guns. See United States v. Lucien, 61 F.3d 366, 375 (5th Cir. 1995) (stating that evidence of sales being made from a residence where drugs were found may support the refusal to instruct the jury on simple possession). And third, law-enforcement witnesses testified that 37.8 grams of methamphetamine was not a "user quantity" but rather was consistent with distribution. The evidence, in summary, showed that Moore possessed a distributable quantity of methamphetamine at his home, along with a digital scale, baggies, and guns, the day after selling methamphetamine to a confidential informant from the same location. Together, this evidence created a strong inference that Moore possessed the methamphetamine with intent to distribute.

Not only that, but the trial record lacks evidence "to counter the strong inference of intent to distribute" and to support a claim of personal use. See Lee, 68 F.3d at 1273; Rogers, 504 F.2d at 1084. At best, government witnesses acknowledged that it was possible

for a frugal drug user to buy in bulk and for digital scales to be used for purposes other than distribution. But the jury heard no evidence that Moore personally used methamphetamine or that any items consistent with personal use by Moore were found in his home. *See, e.g.*, *United States v. Levy*, 703 F.2d 791, 792 (4th Cir. 1983) (relying in part on the presence of "four pipes customarily employed for purposes of consuming the cocaine" to conclude that a simple possession instruction was warranted). On the contrary, the evidence showed that Moore in fact used the digital scale in this case for distributing methamphetamine to the confidential informant. Because Moore's claim of personal use was little more than a "bare assertion" without evidentiary support, the court was not required to instruct the jury about the lesser offense of possession. *See Whitman*, 887 F.3d at 1246–47; *see also See United States v. Harrison*, 55 F.3d 163, 167–68 (5th Cir. 1995) (holding that hypothetical testimony from a government agent that 49 grams of crack cocaine was not necessarily inconsistent with personal use was not enough in light of other unrebutted evidence of intent to distribute).

Moore's reliance on the D.C. Circuit's decision in *Gibbs*, which of course is not binding, is misplaced. In that case, the court held that a simple-possession instruction was justified where the evidence showed that five individuals possessed 15.5 grams of cocaine and guns and there was no "clear evidence unmistakably indicating an intent to distribute." *Id.* at 59. Divided by 5, 15.5 grams comes out to roughly 3 grams per person. And unlike here, no

14                   Opinion of the Court                   19-11389

distribution equipment or packaging was found in *Gibbs*. *Id.* at 55. Nor was there any evidence that any of the five defendants had recently sold crack cocaine to anyone.

Other circuits have likewise found simple-possession instructions warranted where the government relied on little more than drug quantity to prove intent to distribute. *See, e.g., United States v. Hernandez*, 476 F.3d 791, 799–800 (9th Cir. 2007) (possession instruction warranted where the government relied solely on drug quantity—159 grams of methamphetamine—to support an inference of intent to distribute); *Lucien*, 61 F.3d at 375–76 (reasoning that items found in conjunction with 16.48 grams of cocaine base at a residence—guns, three foil wrappers, and $1,227 in cash— were not inconsistent with personal use). But here, as in *Lee*, "[t]he amount of [methamphetamine] in [Moore's] possession in conjunction with the other evidence in this case"—the controlled buys from the same home, the use of distribution paraphernalia from the home in the controlled buys, and the distribution paraphernalia in close proximity to the methamphetamine—"would prevent a reasonable jury from finding that [Moore] did not intend to distribute." *Lee*, 68 F.3d at 1273 n.6.

Finally, that the jury found that Moore possessed with intent to distribute less than five grams of methamphetamine does not alter our conclusion. Our inquiry is an objective one based on what a jury could rationally infer from the evidence. *See Williams*, 197 F.3d at 1095. What the real jury actually did is not directly relevant to that inquiry, particularly in light of the "mercy-dispensing

prerogative of the jury," which is not an appropriate basis on which to give a lesser-included-offense instruction. *See Snarr*, 704 F.3d at 389. And for the reasons we have already explained, we cannot say that a rational jury could conclude that the methamphetamine in Moore's home was possessed solely for personal use.

For these reasons, we affirm for different reasons the district court's decision not to instruct the jury on the lesser offense of possession. *See Gibbs*, 917 F.3d at 1293 n.1.

### III.

At trial, the district court did not instruct the jury that, to convict Moore of unlawful gun possession under § 922(g)(1), the government was required to prove that, at the time he possessed the firearm, he knew he had been convicted of a crime punishable by more than one year of imprisonment. The parties agree that, under the Supreme Court's decision in *Rehaif* and this Court's subsequent decision in *United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019), this omission was an error that was plain for purposes of plain-error review, which applies to this claim because it was raised for the first time on appeal.

The parties disagree, however, on whether the *Rehaif* error affected Moore's substantial rights. *See Greer v. United States*, 593 U.S. __, 141 S. Ct. 2090, 2097 (2021) (holding that plain-error review applies in this context and listing its requirements). To prove an effect on substantial rights, "[Moore] has the burden of showing that, if the [d]istrict [c]ourt had correctly instructed the jury on the

*mens rea* element of a felon-in-possession offense, there is a 'reasonable probability' that he would have been acquitted." *Id.* A defendant who has previously been convicted of a felony "faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon," for the simple reason that "[i]f a person is a felon, he ordinarily knows he is a felon." *Id.*

Here, Moore cannot show that any *Rehaif* error affected his substantial rights.  At trial, he stipulated that he had previously been convicted of a felony, which, as we've noted, is itself substantial evidence that he knew he was a convicted felon when he possessed the firearm in this case. *See id.* at 2097–98.  Any residual doubt is eliminated when we look to the record as a whole, which contains undisputed information that Moore has numerous prior felony convictions, including two convictions in 1998 which resulted in his incarceration for over eight years. *See id.* at 2098 (stating that "an appellate court conducting plain-error review may consider the entire record," including information contained in a presentence report).  Because the record establishes that Moore knew he was a felon at the time of his firearm offense, there is no reasonable probability of an acquittal had the jury been properly instructed.

## IV.

Finally, the parties agree that the district court's written amended judgment conflicts with the oral pronouncement of the conditions of Moore's supervised release.  In particular, the court's

amended judgment, entered *sua sponte* five days after the original judgment and without notice or a hearing, added a new special condition requiring Moore to complete a drug-treatment program.

When the district court's oral pronouncement of the term of supervised release conflicts with the written order of judgment, the oral pronouncement controls. *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000). The remedy for a conflict between an orally pronounced sentence and the written judgment is a limited remand with instructions for the district court to enter an amended judgment that conforms with its earlier pronouncement. *United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000).

Here, the district court's oral pronouncement of its sentence did not include a special condition of supervised release requiring Moore's participation a drug-treatment program. In fact, the court rejected defense counsel's request to recommend a custodial drug-treatment program, finding nothing in the record "that suggests that he has a drug problem." Because the written amended judgment, which included that new special condition without complying with Fed. R. Crim. P. 32.1(c)(1), clearly conflicts with the oral pronouncement, the oral sentence controls. *See Bates*, 213 F.3d at 1340. We therefore remand with instructions to conform the written judgment to the oral pronouncement of the conditions of Moore's supervised release.

## V.

In sum, we affirm Moore's convictions for possession with intent to distribute methamphetamine and possession of a firearm after a felony conviction.  We vacate the amended judgment and remand with instructions to conform the written judgment to the oral pronouncement of the conditions of Moore's supervised release.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**